**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| EDWARD L. GILMORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC HOLDER, ) <br> in his official capacity as ) <br> Attorney General of the United States, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:13-cv-789 <br> (LO/IDD) |

## ANSWER

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Attorney General of the United States, acting through his undersigned counsel, answers the plaintiff's complaint as follows:

### FIRST DEFENSE

The plaintiff failed to exhaust his administrative remedies as required prior to filing this action, as required by 29 C.F.R. § 1614.105(a)(1).

### SECOND DEFENSE

The complaint fails to state a claim for relief insofar as it alleges that the plaintiff was denied a lateral transfer in retaliation for prior protected EEO activity.

### THIRD DEFENSE

The complaint fails to state a claim for relief insofar as it purports to allege that the plaintiff experienced an actionable hostile working environment.

## FOURTH DEFENSE

The complaint fails to state a claim for relief insofar as it purports to allege that the plaintiff was constructively discharged.

## FIFTH DEFENSE

The defendant had a legitimate nondiscriminatory reason for selecting an applicant other than the plaintiff for each of the positions he alleges he was denied.

## SIXTH DEFENSE

Answering the allegations of the numbered paragraphs of the plaintiff's complaint according to the lumbering thereof, the Attorney General admits and denies as follows:

1. Upon information and belief it is admitted that the plaintiff is Edward L. Gilmore.

## INTRODUCTION

2. Denied except to admit that the plaintiff is a retired DEA Special Agent who served a full career, and who served as a GS-1811-15 ("GS-15") Deputy Chief Inspector among other appointments. It is further admitted that plaintiff was previously employed in the position of Deputy Chief Inspector of the DEA's Office of Security Programs; that the position was upgraded to the Senior Executive Service ("SES") level in 2007; and that the plaintiff was not selected for promotion to the SES. All other and further allegations of this paragraph are denied; the Court and the parties are referred to the plaintiff's performance evaluations and to the list of agents eligible for promotion to the SES for a full, complete and accurate statement of their contents.

3. Denied.

4. Denied.

5. It is admitted that the plaintiff chose to retire from the DEA. All other and further allegations of this paragraph are denied.

## JURISDICTION AND VENUE

6. Denied. This Court has subject matter jurisdiction of this action, if at all, only pursuant to 42 U.S.C. §2000e-16(c).

7. Admitted.

## PARTIES

8. Admitted.

9. Admitted.

10. This paragraph contains only the plaintiff's conclusion of law regarding the duties of the Attorney General of the United States to which no answer is required. To the extent that an answer may later be deemed required, it is admitted only that pursuant to Reorganization Plan No. 2 of 197338 F.R. 15932, 87 Stat. 1091, set out in Appendix 1 to Title 5 of the United States Code, the Drug Enforcement Administration is an agency within the United States Department of Justice under the authority of the Attorney General in his official capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES ON TITLE VII CLAIMS

11. Denied.

12. It is admitted only that the plaintiff filed a formal complaint of discrimination. The Court and the parties are referred to that document for a full, complete and accurate statement of its content. All other and further allegations of this paragraph are denied.

13. It is admitted that a Final Agency Decision on the plaintiff's EEO complaint was issued on March 28, 2013. The defendant lacks information sufficient to form a belief as to the remaining allegations of this paragraph; for that reason they are denied.

14. It is denied that the plaintiff timely exhausted his administrative remedies. The defendant lacks information sufficient to form a belief as to the remaining allegations of this paragraph; for that reason they are denied.

## FACTUAL ALLEGATIONS

*A. Background*

15. This paragraph contains only the plaintiff's characterization of litigation in another district to which no answer is required. To the extent an answer may later be deemed required, it is denied that the plaintiff experienced unlawful discrimination or retaliation.

16–22. These paragraphs contain only the plaintiff's characterization of litigation in another district to which no answer is required. It is denied that the procedures described for selection of members of the SES were in force at times material to this case because they had been vacated by the district court and the order vacating the procedures had not been reversed. It is further denied that the plaintiff experienced unlawful discrimination or retaliation.

23. This paragraph contains the plaintiff's characterization of his service as a Special Agent of the DEA to which no answer is required. To the extent an answer may later be deemed required, the Court and the parties are referred to the plaintiff's performance evaluations for a full, complete and accurate evaluation of his service.

24. This paragraph contains the plaintiff's characterization of his service as a Special Agent of the DEA to which no answer is required. To the extent an answer may later be deemed required, the Court and the parties are referred to the plaintiff's performance evaluations for a full, complete and accurate evaluation of his service.

25. It is admitted only that the plaintiff was transferred to DEA's Aviation Division, that he served that Division in several locations, and that he received a promotion to a level GS-1811-13.

26. It is admitted only that the plaintiff was promoted to a position as a Supervisory Special Agent Pilot and that as such he was assigned as the Resident Agent in Charge of the Aviation Division's Northeast Regional Office. To the extent an answer may later be deemed required, the Court and the parties are referred to the plaintiff's official position description for a full, complete and accurate description of his duties and responsibilities.

27. It is admitted that in 2000 the plaintiff was reassigned to the DEA's Office of Professional Responsibility at DEA Headquarters with the working title of Inspector. The duties and responsibilities of that position are set out in the Official Position Description to which the Court and the parties are referred. All allegations of this paragraph inconsistent with that Official Personnel Description are denied.

28. It is admitted that, in 2002, the plaintiff was promoted to the position of Assistant Special Agent in Charge of DEA's Aviation Field Division, a position at the GS-15 level. The duties and responsibilities of that position are set out in the Official Position Description to which the Court and the parties are referred. All allegations of this paragraph inconsistent with that Official Personnel Description are denied.

29. It is admitted only that in 2003 the plaintiff and other Special Agents applied to be evaluated for promotion to the SES within the DEA, and that he was placed on the Best Qualified List for such a promotion. The Court and the parties are referred to the plaintiff's application materials and to the list of agents eligible for promotion to the SES for a full, complete and accurate statement of their contents. The remaining allegations in this paragraph

are plaintiff's characterization of the qualifications by which candidates for the SES would be graded at the DEA, and of a process that was not in effect at times material to this case, to which no answer is required.

30. It is admitted that, in 2005, the plaintiff was transferred to the position of Deputy Chief Inspector of DEA's Office of Security Programs, a position at the GS-15 level. The remaining allegations in this paragraph are the plaintiff's characterizations of the position into which he was transferred, and of a task he performed, to which no answer is required.

31. It is admitted that as Deputy Chief Inspector the plaintiff was the deciding official for applications for security clearances by DEA personnel. The remaining allegations in this paragraph are the plaintiff's characterizations of tasks he performed, meetings he attended, and officials with whom he interacted from time to time at the Department of Justice to which no answer is required.

32. This paragraph contains the plaintiff's characterization of his service as Deputy Chief Inspector and of certain commendations he received, to which no answer is required. To the extent an answer may be deemed required, the Court and the parties are referred to the plaintiff's performance evaluations in that position, and to any awards or commendations he received for a full complete and accurate statement of their content. Any allegations inconsistent with those documents are denied.

33. This paragraph contains the plaintiff's characterization of the DEA's performance management system, to which no answer is required. To the extent an answer may be deemed required it is admitted that the DEA annually reviews the performance of its employees on factors pertinent to the positions they occupy, and that such evaluations are summarized in an overall adjective rating which has used various terms to characterize the overall performance of

the employee being rated, including but not limited to those alleged in this paragraph. All other and further allegations of this paragraph are denied.

34. It is admitted that the plaintiff was annually rated by his supervisors in writing during his service as a DEA Special Agent. The Court and the parties are referred to those ratings for a full, complete and accurate statement of their content. All allegations of this paragraph inconsistent with those ratings are denied.

35. It is admitted that the plaintiff applied to be evaluated for promotion to the SES; that he was among the highest-scoring candidates in that evaluation class, and that he was placed on the Best Qualified List. All other and further allegations of this paragraph are denied.

36. It is admitted only that the plaintiff was laterally transferred to the GS-15 position of Deputy Chief Inspector of the Office of Security Programs; that in 2005, the DEA sought Department of Justice approval to upgrade that position to the SES, and that the Department of Justice did not approve that request until 2007. All other and further allegations of this paragraph are denied.

37. This paragraph contains only the plaintiff's characterization of his performance evaluations to which no answer is required. To the extent an answer may be deemed required, the Court and the parties are referred to the plaintiff's annual performance evaluations for a full complete and accurate statement of their content. All other and further allegations of this paragraph inconsistent with those evaluations are denied.

38. Admitted.

39. It is admitted that the DEA Administrator chose ASAC Barbra Roach for the SES position of Deputy Chief Inspector, and that the plaintiff was requested to act in that position

until Ms. Roach could leave her former assignment, move to DEA Headquarters and assume the position. All other and further allegations of this paragraph are denied.

40. It is admitted that the plaintiff's last summary or adjective rating as Deputy Chief Inspector was "Significantly Exceeds Expectations," and that his prior summary or adjective rating in that position was "Outstanding." The Court and the parties are referred to those evaluations for a full, complete and accurate statement of their content; all allegations of this paragraph inconsistent with those ratings are denied.

41. Denied except to admit that as Deputy Administrator SA Leonhart provided recommendations of candidates to Administrator Tandy as requested for appointment to the SES.

42. It is denied that the Stipulated Procedures, which had been vacated, limited the DEA Administrator's selection of candidates for the SES. All other and further allegations of this paragraph relating to the Stipulated Procedures or qualified and best qualified lists are irrelevant and are denied to the extent inconsistent with those lists. It is admitted that as a consequence of her appointment to the SES, SA Roach would receive a pay and benefits package greater than that received by GS-15 DEA Special Agents. The defendant is without knowledge sufficient to form a belief as to what the plaintiff may have been told by other DEA employees.

43. Denied.

44. It is admitted that SA Kellum was not selected for the open position of Country Attaché in Bangkok, when the position became an SES position. It is further admitted that SA Kellum is African-American and that the SA selected is Caucasian. All other and further allegations of this paragraph are denied.

45. It is denied that the Stipulated Procedures, which had been vacated, governed the selection of SA Cooper.

46. It is denied that the Stipulated Procedures, which had been vacated, applied to the selections alleged.

47. Denied. The selections for SES positions made by Administrators Tandy and Leonhart were reasonably proportional to the representation of African-Americans among DEA Special Agents.

48. Denied.

49. Denied.

50. Denied. The selections for SES positions made by Administrators Tandy and Leonhart were reasonably proportional to the representation of African-Americans among DEA Special Agents.

51. It is admitted that the plaintiff was not selected to be the SES Deputy Chief Inspector of the Office of Security Programs. All other and further allegations of this paragraph are denied. The selections for SES positions made by Administrators Tandy and Leonhart were reasonably proportional to the representation of African-Americans among DEA Special Agents.

52. Denied. It is further denied that the plaintiff timely consulted an EEO counselor after being informed he had not been selected for the position of SES Deputy Chief Inspector of the Office of Security Programs.

53. Denied.

54. The defendant lacks information sufficient to form a belief as to the truth of the allegations of this paragraph.

55. Denied except to admit that the office of the Executive Secretary of the Career Board was located at DEA Headquarters not far from the office the plaintiff occupied in December 2007.

56. Denied except to admit that the plaintiff maintained a home in Chicago.

57. Denied except to admit that earlier in his career the plaintiff had served as an officer of the Chicago Police Department, as Deputy Chief Inspector of DEA's Office of Security Programs and as ASAC of the DEA's Aviation Division.

58. It is admitted that the plaintiff was transferred laterally to the GS-15 position of Associate Deputy Chief Inspector in DEA's Office of Professional Responsibility.

59. Denied.

60. Denied except to admit that the plaintiff voluntarily retired as a DEA Special Agent in March, 2008.

61. The defendant lacks information sufficient to form a belief as to the truth of the allegations of this paragraph with respect to the plaintiff's mental state. The defendant denies that the plaintiff experienced discrimination or retaliation, and avers that the plaintiff retired before the next series of promotion and lateral transfer openings were announced.

62. The defendant realleges and incorporates by reference the foregoing Answers as if set forth *in haec verba* at this point.

63. Admitted

64. It is admitted that the plaintiff had served for two years as Deputy Chief Inspector of the Office of Security Programs at the time the position was upgraded to the SES. All other and further allegations of this paragraph are denied.

65. Denied.

66. It is admitted only that the Special Agent selected for the SES position of Deputy Chief Inspector of the Office of Security Programs was Caucasian and had not previously worked in that Office. It is denied that the Stipulated Procedures, which had been vacated,

governed the selection of the SES Deputy Chief Inspector selection. All other and further allegations of this paragraph are denied.

  67. The defendant realleges and incorporates by reference the foregoing Answers as if set forth *in haec verba* at this point.

  68. Admitted.

  69. Admitted.

  70. The Court and the parties are referred to the plaintiff's annual performance appraisals for a full, complete and accurate statement of their content. All allegations of this paragraph inconsistent with those appraisals are denied.

  71. Denied except to admit that the plaintiff was not the selectee for the SES position of Deputy Chief Inspector of the Office of Security Programs.

  72. Denied.

  73. It is admitted only that the Special Agent selected for the SES position of Deputy Chief Inspector of the Office of Security Programs was Caucasian and had not previously worked in that Office. All other and further allegations of this paragraph are denied.

  74. The defendant realleges and incorporates by reference the foregoing Answers as if set forth *in haec verba* at this point.

  75. Admitted.

  76. Denied.

  77. Denied.

  78. Denied. The Stipulated Procedures, which had been vacated, did not govern the selection of the SES Deputy Chief Inspector. All other and further allegations of this paragraph are denied.

79. It is admitted that the plaintiff was not selected for lateral transfer to two positions for which he applied and for which he was qualified. All other and further allegations of this paragraph are denied.

80. Denied. The plaintiff's appointment as Associate Deputy Chief Inspector in the Office of Professional Responsibility was a lateral transfer in grade, pay and responsibility.

81. Denied.

82. Denied.

83. The defendant realleges and incorporates by reference the foregoing Answers as if set forth *in haec verba* at this point.

84. Denied

85. Denied

86. Denied

87. The defendant realleges and incorporates by reference the foregoing Answers as if set forth *in haec verba* at this point.

88. Admitted

89. Denied.

90. Denied.

91. Denied.

WHEREFORE, the defendant having fully answered, the defendant requests that the Court dismiss this matter at the plaintiff's cost and the plaintiff take nothing thereby.

Respectfully submitted,

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

*By*: _____/s/_____
R. JOSEPH SHER
AYANA N. FREE
ASSISTANT UNITED STATES ATTORNEYS
OFFICE OF THE UNITED STATES ATTORNEY
JUSTIN W. WILLIAMS BUILDING
2100 JAMIESON AVENUE
ALEXANDRIA, VIRGINIA 22314
TELEPHONE:   (703) 299-3747
FAX:              (703) 299-3983
EMAIL: JOE.SHER@USDOJ.GOV

Dated: September 27, 2013          *COUNSEL FOR THE DEFENDANT*

Case 1:13-cv-00789-LO-IDD Document 10 Filed 09/27/13 Page 14 of 14 PageID# 59

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2013, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

Bradford Hardin (#76812)
WILMER CUTLER PICKERING HALE AND DORR LLP
1899 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
bradford.hardin@wilmerhale.com
*Counsel for the Plaintiff*

/s/
R. JOSEPH SHER
ASSISTANT UNITED STATES ATTORNEY
OFFICE OF THE UNITED STATES ATTORNEY
JUSTIN W. WILLIAMS BUILDING
2100 JAMIESON AVENUE
ALEXANDRIA, VIRGINIA 22314
TELEPHONE: (703) 299-3747
FAX: (703) 299-3983
EMAIL: JOE.SHER@USDOJ.GOV

Dated: September 27, 2013          *COUNSEL FOR THE DEFENDANT*