# EXHIBIT 1

# EEO COUNSELING REPORT
## INDIVIDUAL COMPLAINT of DISCRIMINATION under 29 CFR '1614.105(c)
### UNITED STATES DEPARTMENT OF JUSTICE
### U.S. MARSHALS SERVICE

PART 1:                    COMPLAINANT PERSONAL INFORMATION   OUTSIDE CASE

Complainant's Name:                    Edward L. Gilmore

Position Title/Series/Grade:           Associate Deputy Chief Inspector GS-1811/15

Complainant's Place of Employment:     U.S. Drug Enforcement Agency (DEA)
                                       Office of Professional Responsibility (OPR)
                                       700 Army Navy Dr. W-4182
                                       Arlington, VA 22202

Work/daytime phone:                    202-307-7532
     (Note:  Complainant plans to retire March 29, 2008, but can be contacted until
     April 11, 2008, at:  571-241-4312 or 708-567-1774-cell)

Complainant's Home Address and phone:  1600 S. Joyce St., Apt. 1700
                                       Arlington, VA 22202
                                after April 11, 2008, can be contacted at:
                                       1192 Clarence Unit #6
                                       Oak Park, IL 60304
                                       708-434-5320
                                       708-567-1774 (cell)

Name of Claimant's Representative (if any): June W. Stansbury
                                       Special Agent in Charge
                                       DEA New England Division
                                       15 New Sudbury St. #e-400
                                       Boston, MA 02203
                                       617-557-2118

1

<u>PART 2:</u>                            <u>CHRONOLOGY OF EEO COUNSELING</u>

Date of initial request for EEO Counseling:            December 13, 2007

Date EEO Counselor Assigned:                          December 13, 2007

Date entered into ADR:                                N/A

Date ADR concluded:                                   N/A

Date of Initial Interview:                            December 13, 2007

Date Extended Counseling:                             December 13, 2007

Final Interview Conducted:                            March 11, 2008

Date Notice of Right to File a Discrimination Complaint Issued:     March 11, 2008

Date Counseling Report Submitted:                     March 11, 2008

Name of EEO Counselor:                                Robert Wesley

Office Address                                        4150 N. Mulberry Drive, Suite 140
                                                      Kansas City, MO 64116

Telephone Number:                                     (816) 467-1970

Signature of EEO Counselor:     *Robert L Wesley* Date: 3/11/08

2

PART 3:                     BASIS OF DISCRIMINATION ALLEGED

BASIS                       (Please specify)

**Race (African American/Black)
**Age 53 (D.O. B. 4/27/54)
**Reprisal for current EEO activity

PART 4:                     ISSUE (Claim)

Nonselection for lateral transfers;.
Being rotated out of his previous position, which was later upgraded to the SES level; and
Not being promoted to the SES level

PART 5:                     ALLEGATION OF DISCRIMINATION

1.    Date of Alleged Discriminatory Event/Occurrence:  December 2007

2.    Unit Where Alleged Discrimination Occurred:       US. Drug Enforcement Agency
                                                        (DEA)

3.    Principle Agency Witnesses (PAW):                 Karen P. Tandy
                                                        DEA Administrator
                                                        (retired November 2007)

                                                        Michele M. Leonhart
                                                        DEA Acting Administrator
                                                        202-307-7345

Interviewed:                                            Betty Goldman
                                                        Assistant Deputy Chief Counsel
                                                        DEA
                                                        202-307-8049

3

4.   Allegation of Discrimination - (Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which complainant believes are discriminatory.)

Complainant feels he has been discriminated against when, since 2003, he has not been promoted to the SES level. In November 2007, he was rotated out of his previous position, which has been upgraded to the SES level, and since December 2007, he has not been selected for several lateral positions.

When asked why he feels his race was a factor, Complainant stated the following (quoted directly from Complainant's response):

"In 2003, he completed the DEA Senior Executive Service (SES) application process. Of the fifty-seven (57) 1811 GS-15 applicants competing that year, he received the overall highest score for promotion to the SES level and was at the top of the "Best Qualified" List. From the date of his score, until her retirement in November 2007, Administrator Tandy repeatedly promoted persons from lesser qualified score groups, and in one case promoted a woman who had no score at all and was not eligible to apply for an SES score. Administrator Tandy cited executive privilege allowed her to make such promotions without consideration of the individual's score or whether the promotee was on the "Best Qualified," "Qualified," "Minimally Qualified" or "Not Qualified" list.

In approximately October 2007, the US Court of Appeals ruled against DEA and Administrator Tandy stating she had violated a previously agreed upon process for SES promotions at DEA, and further stated she did not have the authority to promote persons to the SES level who were not on the "Best Qualified" list. During the period of violation, Administrator Tandy promoted numerous, Caucasian and female GS-1811-15s to the SES level who were not on the "Best Qualified" List. Administrator Tandy demonstrated a distinct pattern of promoting predominantly Caucasian and female applicants, who were rated as less qualified than Complainant and other minority candidates. In October 2007, just before Administrator Tandy announced her retirement, the position Complainant was in ( i.e., Deputy Chief Inspector in charge of the Office of Security Programs) was upgraded to an SES position. Five minutes prior to releasing a teletype announcing the position upgrade and the promotion of the DCI to an SES, Administrator Tandy called Complainant and told him the position was upgraded and she had decided to go in another direction. She replaced Complainant with a White female with no security background who was not on the "Best Qualified" list and in her early 40's. The lesser qualified White Female was brought in to do the same job at the SES level that Complainant had been doing at the GS-15 level since October 2005, and had received consistent high evaluations doing. No further reason for Complainant's replacement was given."

4

When asked why he feels his age was a factor, Complainant stated the following (quoted directly from Complainant's response):

"During her tenure, Administrator Tandy repeatedly promoted GS-15s in their 30's and early 40's to SES positions, even when they were rated less qualified than Complainant and other more senior agents. In only one instance did Administrator Tandy effect the initial SES promotion of an employee over the age of 50. The pattern of her promotion of younger agents was discussed and defended by Administrator Tandy on numerous occasions. As stated above, in October 2007, before Administrator Tandy announced her retirement, the position Complainant was in (i.e., Deputy Chief Inspector in charge of the Office of Security Programs) was upgraded to an SES position. Five minutes prior to Complainant's replacement, Administrator Tandy called him and told him the position was upgraded and she had decided to go in another direction. She replaced Complainant with a White female, with no security background, who was not on the "Best Qualified" list and in her 40's. The woman became the DCI of Security Programs at the SES level, a job Complainant had been filling as a GS-15 since 2005, and had received consistent high evaluations."

When asked why he feels retaliation was a factor, Complainant stated the following (quoted directly from Complainant's response):

"During the tenure of Administrator Tandy, Deputy Administrator Michele Leonhart repeatedly stated she was not responsible for SES promotions, despite clear evidence that persons who had worked for and with her in the past were repeatedly being promoted to SES by Administrator Tandy over other higher rated GS-15s. On at least one occasion, Complainant requested to speak with Deputy Leonhart, his second line supervisor, to discuss why he had not been selected for promotion to SES, especially in light of the fact he had the highest promotion score. Deputy Leonhart stated she would meet with Complainant upon her return from leave status, but she never made any attempt to hold said promised meeting. This was someone Complainant routinely met with on DEA matters, but his personal request was dismissed and never resolved.

Upon being replaced as DCI of Security Programs, Complainant applied for a GS-1811-15 position, which was vacant in Chicago, where all DEA managers knew his family lived and where he owned a residence. Deputy Leonhart is the Chair of the Career Board that makes such decisions. Complainant did not get the lateral transfer position at the GS-15 level. As evidence of how involved Ms. Leonhart was in his assignment, his supervisor, Chief Inspector James Kasson, told Complainant he had to go to Deputy Leonhart to get her permission to put Complainant in the current position he was in, for which Complainant did not apply.

5

During the same Career Board session, Complainant also applied for a lateral transfer into the position of Secretary of the Career Board. Instead of placing him in this position, a White female GS-14 was promoted into the position. Again, Deputy Leonhart is the Chairman of the Career Board and Complainant fully believes was aware of his initial EEO complaint at the time these actions were decided. He fully believes that the decisions were made against him, despite his qualifications, as retaliation for his filing an EEO complaint."

It should be noted that the Complainant indicated that Deputy Leonhart may have became aware of him filing this current complaint in December 2007.

5. If complaint appears to be untimely, what explanation is offered by Complainant to explain why contact was not made within the statutory 45 (forty-five)-day requirement? N/A

6. Remedy Desired by Complainant:

Retroactive promotion into an SES position (effective 2003), and back pay to the date he received the highest SES promotion score but was continuously passed over for promotion to SES by lesser qualified candidates (which was in violation of the court order regarding promotions to SES as confirmed in the 2007 U.S. Court of Appeals decision).

On the same matter, has Complainant filed a grievance under negotiated grievance procedure? No

On the same matter, has Complainant filed a grievance under the Agency grievance system? No

If the issue presented constitutes a Mixed-Case Complaint, has Complainant appealed to the Merit Systems Protection Board?     N/A

If grievance or appeal has been filed, what is its status? N/A

6

PART 6                    SUMMARY OF EEO COUNSELING INQUIRY

Betty Goldman, Assistant Deputy Chief Counsel, DEA, was contacted on March 11, 2008, and stated that her office had received information that this counselor had been trying to contact the Acting DEA Administrator, Michele Leonhart. Ms. Goldman was advised that her information was correct and was also advised of the nature of this complaint to forward to Ms. Leonhart.

SUMMARY OF RESOLUTION ATTEMPT:

No resolution was reached.  Complainant was issued a Notice of Right to File a Formal Complaint of Discrimination.

7

000040



U.S. Departme. .f Justice

United States Marshals Service

*Washington, DC  20530-1000*

March 11, 2008

**Certified Mail # 7006-0100-0007-1911-3871**

Edward L. Gilmore          (Re: Outside DEA Case)
1600 S. Joyce St. Apt. 1700
Arlington, VA 22202

Dear Mr. Gilmore:

This is the Notice of Right to File a Formal Complaint of Discrimination.  You contacted the U.S. Drug Enforcement Administration's Office of Equal Employment Opportunity (EEO) on December 13, 2007, and alleged that you were being discriminated against due to your race (black), age (53- date of birth April 27, 1954), and reprisal for filing an EEO complaint.  Towards that end, you made the following claim:

> That since 2003, you have not been promoted to the SES level, that in November 2007, you were rotated out of your previous position which has been upgraded to the SES level, and that since December 2007, you have not been selected for several lateral positions.

The counseling process was extended on December 13, 2007 and on January 30, 2008, the Equal Employment Opportunity Officer of the U. S. Drug Enforcement Administration requested this case be referred to another bureau within the U.S. Department of Justice due to a conflict of interest.  On February 14, 2008, the case was assigned to the U.S. Marshals Service.  This matter has not been resolved to the mutual satisfaction of the parties involved.  I am required, under 29 CFR §1614.105(d), to provide you with the following notices:

- You have the right to file a formal complaint of discrimination **within 15 calendar days** after receipt of this notice.  Your formal complaint of discrimination must be in writing, signed, and filed in person or by mail.  In order to expedite the processing of your complaint, please use the Department's Complaint of Discrimination Form (DOJ-201A MAR 2001) which is included with this notice.

1

- The complaint must be filed with:

    Tanya Wright
    EEO Office
    United States Marshals Service
    Washington, DC 20530-1000
    **You can also FAX your complaint to the EEO Office at 202-307-8765.

- If you fail to file within the 15-day time limit, the formal complaint will be dismissed.

- You are reminded that the formal complaint must contain a precise allegation statement which generally describes the alleged discriminatory actions or practices that form the basis of the complaint.  Only matters raised during the counseling stage may be included in the formal complaint

- The complaint must contain the telephone number and address where you and/or your representative may be contacted.  Unless a complainant states otherwise (in writing), all official correspondence shall be served upon the attorney representative with copies to the complainant as provided by 29 CFR §1614.605(d), and all time frames for receipt of materials shall be computed from the time of receipt by the attorney representative.

- The complaint must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal with the Merit Systems Protection Board on the same matter.

You must notify the EEO Office immediately if you change counsel or a representative, and provide the name, address, and phone number of such counsel or representative.

Sincerely,

*Robert Wesley*

Robert Wesley
EEO Counselor

Enclosure
    Formal Complaint Form
    Designation of Representative Form

2

## ELECTION NOTICE

## AGE DISCRIMINATION COMPLAINTS

The Age Discrimination in Employment Act (ADEA) prohibits discrimination in employment on the basis of age **(40 years of age or older).** If you are alleging discrimination on the basis of age, you have the option of electing the following:

Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. § 1614.201 state in part:

> **As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action. Such notice must be filed in writing with EEOC, Federal Sector Programs, 1801 L St., N.W., Washington, DC 20507 within 180 days of the occurrence of the alleged unlawful practice.**

The 30-day notice may also be hand-delivered to EEOC Headquarters or sent facsimile to: (202) 663-7022.

Based on the above, I,  __Edward L. Gilmore__  **(Aggrieved)** acknowledge that the EEO Counselor has advised me of my options of either filing a formal complaint of age discrimination under 29 C.F.R. Part 1614, or bypassing the administrative complaint process in Part 1614 and filing a civil action directly in an appropriate U.S. District Court.

_[signature]_ _____   12/13/07
**(AGGRIEVED PARTY)**   DATE

_[signature]_ 12/13/07
EEO COUNSELOR   DATE

000043

## ALTERNATIVE DISPUTE RESOLUTION (ADR) ELECTION FORM

I, _____ **Edward L. Gilmore** _____, have been advised by the EEO Counselor, *in writing*, of the existence of the Drug Enforcement Administration's **ALTERNATIVE DISPUTE RESOLUTION (ADR)** program, how the **ADR** program works, of my right to choose between the **ADR** process or EEO Counseling, if the agency agrees to offer **ADR** in my particular case, and of my right to file a formal complaint if **ADR** does not result in resolution of my claim(s) of discrimination. I also understand that if the agency does not agree to offer **ADR** in my case, I may proceed with EEO Counseling.

I choose to elect **ALTERNATIVE DISPUTE RESOLUTION** to resolve my claim(s) of discrimination:

I choose to elect **EEO COUNSELING** to resolve my claim(s) of discrimination:

_____
AGGRIEVED PARTY

_____
AGGRIEVED PARTY

_____
EEO COUNSELOR

_____
EEO COUNSELOR

_____
DATE

_____
12/13/07
DATE

**BRIEF DESCRIPTION OF CLAIM(S) OF DISCRIMINATION:**

Non-promotion to the SES level since 2003, and being rotated out of his current position which has been upgraded to the SES level.

**BASIS(ES) OF DISCRIMINATION:** Race (African American), Age (D.O.B. 04/27/1954), and Sex (Male)

**REMEDY(IES) SOUGHT:** (1) Retroactive promotion into an SES position (effective 2003) and award backpay applicable towards AP's pension.

**TITLE:** Deputy Chief Inspector     **SERIES:** GS-1811     **GRADE:** 15

**LOCATION:** – Headquarters- Office of Security Programs – Arlington, Virginia

# Memorandum



| Subject | Date |
|---|---|
| AUTHORIZATION FOR EXTENSION OF EEO COUNSELING | December 13, 2007 |

| To | From *Edward L. Gilmore* |
|---|---|
| Stephanie R. Smith<br>EEO COUNSELOR | Edward L. Gilmore<br>AGGRIEVED PARTY |

This is to certify that in accordance with 29 Code of Federal Regulations, Part 1614.105(e), I have agreed to postpone the final interview and extend the EEO counseling beyond the 30-day period, which ended on <u>January 12, 2008</u>.

Based on our discussions, I have agreed to extend the counseling period up to an additional 60 days, which will require you to conduct the final interview with me on or before <u>March 12, 2008</u>.

*NOTE:* *REGULATIONS PROVIDE THAT COUNSELING MAY NOT BE EXTENDED FOR MORE THAN 60 ADDITIONAL DAYS.*

# Memorandum

| Subject | Date |
|---|---|
| WAIVER OF RIGHT TO ANONYMITY | December 13, 2007 |

| To | From |
|---|---|
| Stephanie R. Smith<br>EEO COUNSELOR | *Edward L. Gilmore* (signature)<br>Edward L. Gilmore<br>AGGRIEVED PARTY |

I understand that I have the right to have the EEO Counselor refrain from revealing my identity; however, I waive my right to anonymity during the EEO counseling informal complaint stage.

# Memorandum



| Subject | Date |
|---|---|
| DESIGNATION OF EEO REPRESENTATIVE | December 13, 2007 |

To

Stephanie R. Smith
EEO COUNSELOR

From *Edward L. Gilmore*

Edward L. Gilmore
AGGRIEVED PARTY

I understand that I have the right to be represented by a Representative at any stage in the complaint process, including the EEO counseling stage; however, I do not desire to designate a Representative at this time.

I am designating the individual identified below as my EEO Representative:

NAME: _____

ADDRESS: _____

_____

_____

PHONE: _____

# EEO RIGHTS AND RESPONSIBILITIES

*AT THE INITIAL COUNSELING SESSION, EEO COUNSELORS*
*MUST ADVISE INDIVIDUALS, IN WRITING, OF THEIR RIGHTS*
*AND RESPONSIBILITIES. THOSE RIGHTS AND RESPONSIBILITIES*
*INCLUDE THE FOLLOWING:*

## RIGHTS:

1.  The right to remain anonymous during the counseling phase of the complaint process, unless waived, in writing. Anonymity ends when you file a formal complaint.

2.  The right to representation throughout the complaint process, including the counseling stage. **The EEO Counselor acts strictly as a neutral in the EEO process and cannot serve as your representative.**

3.  The right to choose between the Agency's **ALTERNATIVE DISPUTE RESOLUTION (ADR)** process or EEO counseling, where the Agency agrees to offer ADR in the particular case.

4.  If you have agreed to participate in the Agency's ADR program, you have the right to receive written notice terminating the counseling period: (a) upon completion of the ADR process or, (b) within ninety (90) calendar days of initial contact with the EEO Counselor, whichever is earlier.

5.  The right to be advised, **in writing,** by the EEO Counselor: (a) of the existence of the agency's ADR program, (b) how the agency ADR program works, (c) of the opportunity for individuals to participate in the ADR program where the agency agrees to offer ADR in a particular case, (d) of the individual's choice to choose between participation in the ADR program or traditional EEO counseling, and (e) of the individual's right to file a formal complaint if ADR does not result in resolution

6.  If EEO counseling is chosen, you have the right to receive, in writing, within **30 days** of the initial counseling contact, the Notice of Final Interview informing you of your right to file a formal complaint within **15 days** of receipt of the Notice; the appropriate agency official with whom to file your formal complaint; and your duty to immediately inform the agency if you retain legal counsel or a representative. With your agreement, the EEO Officer can extend the counseling period for an additional **60 days.**

7.  The right to amend a formal complaint that you have filed with the Agency at any time prior to the conclusion of the investigation. The amendment must contain issues or claims like or related to those raised in the initial formal complaint.

8.  The right to be advised in writing by the Agency in its acknowledgement of receipt of your complaint or amendment to a complaint, of the EEOC office and its address where a request for a hearing is to be sent, the name and address of the Agency official to whom you must send a copy of your hearing request, and your duty to certify to the EEOC Administrative Judge, that you provided the Agency with a copy of your hearing request.

# RESPONSIBILITIES:

22.   The responsibility to file a complaint of discrimination within **15 days** of receipt of the Notice of Final Interview.  **The EEO Counselor cannot file the complaint for you.**

23.   The responsibility to adhere to all time frames in the complaint process.

24.   The responsibility to cooperate fully in the processing of your filed complaint by providing requested information or sworn testimony.

25.   The responsibility that only those claims raised at the counseling stage, or claims that are like or related to those claims raised at the counseling stage, be the subject of your formal complaint.

26.   The responsibility to keep the agency and EEOC informed of your current mailing address, and to serve copies of any appeal papers on the appropriate agency head.

27.   The responsibility to mitigate damages in the event of an award of back pay.

## ACKNOWLEDGEMENT OF RECEIPT

_(signature)_                                          12/13/07
**AGGRIEVED PARTY**                          **DATE**

_(signature)_                                          12/13/07
**EEO COUNSELOR**                           **DATE**



**U.S. Department of Justice**

Drug Enforcement Administration

Human Resources Division

---

*Washington, D.C. 20537*

July 1, 2003

Special Agent Edward Gilmore
Aviation Division

Dear Special Agent Gilmore:

You were one of 57 Special Agents who submitted an application for Senior Executive Service (SES) Special Agent positions within the Drug Enforcement Administration. Below are your ratings on each competency; the percentage of applicants who received this score or lower; your total score; and the percentage of applicants who received this total score or lower.

| Competency | Score | Percentage with this score or lower |
|---|---|---|
| Leading Programs | 4 | 94.7% |
| Leading People | 5 | 100.0% |
| Leading and Building Law Enforcement Coalitions | 2 | 54.4% |
| Insuring Best Government Business Practices | 5 | 100.0% |
| **Total Score** | **16** | **100.0%** |

Sixteen applicants received a total score of 13 or higher. These Special Agents were considered as Best Qualified for filling future SES Special Agent positions. Thirty-nine Special Agents received scores that ranged from eight to 12. These individuals were designated as Qualified for SES Special Agent positions. Two applicants were designated as Minimally Qualified for SES Special Agent positions. Given your overall score, you were on the **Best Qualified List.**

We appreciate your interest in the SES and wish you success in your career endeavors. If you have questions regarding your score, you may contact Regina Holmes, Research and Analysis, by e-mail or at (202) 307-4092.

Sincerely,

C./J. Kasch
Assistant Administrator
Human Resources Division

## DEA ASSESSMENT CENTER PROFILE

| Year | Last Name | First Name | SSN | PRS Average | SAPP Score |
|------|-----------|-----------|-----|-------------|------------|
| 2001 | GILMORE | EDWARD | 344482611 | 5.00 | 94 |

Knowledge and Ability Dimensions for Grade 15 Positions

| | Assessment Standing | | | | |
|---|---|---|---|---|---|
| | Low | -- | Med | -- | High |
| Ability to communicate in writing | | | | X | |
| Ability to communicate orally | | | | | X |
| Ability to organize, plan and prioritize activities | | | | X | |
| Ability to plan and coordinate enforcement operations | | | | | X |
| Ability to evaluate and develop subordinates | | | | | X |
| Ability to delegate work | | | X | | |
| Ability to relate effectively with others | | | | X | |
| Knowledge of DEA manuals, policies and procedures | | | | X | |
| Ability to integrate information and make decisions | | | | X | |

000051

# DEA ASSESSMENT CENTER PROFILE

| Year | Last Name | First Name | SSN | PRS Average | SAPP Score |
|---|---|---|---|---|---|
| 2001 | GILMORE | EDWARD | 344482611 | 5.00 | 94 |

Knowledge and Ability Dimensions for Grade 15 Positions

| | Assessment Standing | | | | |
|---|---|---|---|---|---|
| | Low | -- | Med | -- | High |
| Ability to communicate in writing | | | | | |
| Ability to communicate orally | | | | X | |
| Ability to organize, plan and prioritize activities | | | | | X |
| Ability to plan and coordinate enforcement operations | | | | X | |
| Ability to evaluate and develop subordinates | | | | | X |
| Ability to delegate work | | | X | | |
| Ability to relate effectively with others | | | | X | |
| Knowledge of DEA manuals, policies and procedures | | | | X | |
| Ability to integrate information and make decisions | | | | X | |