# EXHIBIT 2

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE

| | |
|---|---|
| EDWARD L. GILMORE, ) <br> Complainant, ) <br> ) <br> v. ) <br> ) <br> ERIC HOLDER, Attorney General, U.S. Department ) <br> of Justice, ) <br> Agency. ) <br> ) | EEOC No. 570-2010-00972X <br> Agency No. DEA-2008-00180 <br><br> AJ: Frances del Toro <br><br> Date: January 13, 2012 |

### DECLARATION OF EDWARD L. GILMORE

I, Edward L. Gilmore, state the following based upon my personal knowledge of the matters set forth below:

1. My name is Edward L. Gilmore, and I live in Calumet City, Illinois. I am over the age of twenty-one and competent to make this declaration.

2. I was notified on October 18, 2007, that I was being removed from my position as Deputy Chief Inspector of the Office of Security Programs, that my former position was being elevated to a Senior Executive Service (SES) position, and that another person, Ms. Barbara Roach, had been selected to fill that elevated SES position.

3. At some point after I was notified that I had been passed over in favor of Ms. Roach, but before I scheduled my appointment with the EEOC counselor, I heard a rumor that Ms. Roach had not been on the best-qualified list for an SES position.

4. While I knew that I was the on the best-qualified list, the list was not published or otherwise provided to me, and I had no knowledge who else was on the list. People were rarely forthcoming if they were on the list, but sometimes there were secondhand rumors about who was on the list. Until I heard the rumor mentioned above, I did not know and had no reason to believe that Ms. Roach was not on the best-qualified list for an SES position.

5. I scheduled an appointment with the EEOC counselor by telephone. Although I do not recall the exact date, this was at least 5 or 10 days before my meeting with the EEOC counselor on December 13, 2007.

7. At my December 13, 2007 meeting with the EEOC counselor, I was first informed of the 45-day time limit to initiate contact with an EEOC counselor. I do

not recall being informed of the 45-day limit prior to this meeting, and I was not otherwise aware of the time limit before the meeting.

8. At that meeting the EEOC counselor assured me that what mattered for timing purposes was the date I had contacted the EEOC to schedule the appointment, not the date the appointment had taken place. The EEOC counselor told me that my initial contact with the EEOC counselor had been timely, and I was allowed to proceed. The timeliness of my initial contact was not otherwise discussed with me before or during any point in the investigation of my claim.

I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection, information, and belief.

Executed on January 13, 2011
Calumet City, Illinois

*Edward L. Gilmore* (signature)
Edward L. Gilmore