**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

EDWARD L. GILMORE,          )
                                    )
       Plaintiff*,*           )
                                    )
       v.                   )
                                    )   Civil Action No. 1:13-cv-789 (LO/IDD)
ERIC HOLDER,           )
in his official capacity as       )
Attorney General of the United States,   )
                                    )
       Defendant.        )
                                    )

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS IN PART AND FOR SUMMARY JUDGMENT IN PART**

Defendant Eric H. Holder, Attorney General of the United States, hereby replies to

plaintiff's opposition of defendant's motion to dismiss in part and for summary judgment in part.

**BACKGROUND**

On June 26, 2013, plaintiff Edward L. Gilmore, a retired DEA Special Agent, brought an

action alleging that the Drug Enforcement Administration (hereinafter the "DEA" or "Agency")

discriminated against him due to his race in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq*.  Gilmore raised a total of five claims in the Complaint:

1) denial of a promotion; 2) discriminatory discharge; 3) constructive discharge; 4) retaliation;

and 5) discriminatory demotion.  *See* Compl. ¶¶ 62-91.

On September 27, 2013, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6),

and 56, the defendant moved to dismiss the Complaint in part and for summary judgment in part.

In sum, the DEA asserted three main arguments in support of its motion.  First, the denial of

promotion and discriminatory discharge charges should be dismissed as untimely because

Gilmore did not seek initial EEO contact within 45 days of the alleged discrimination, as required for Title VII actions under 29 C.F.R. § 1614.105(a)(1). Second, this Court lacks subject matter jurisdiction over the constructive discharge or discriminatory demotion charges since these claims exceed the scope of his EEO complaint and Gilmore has thus failed to exhaust his administrative remedies regarding these claims during the EEO process. Finally, the Court should grant summary judgment to the defendant on the retaliation charge as Gilmore cannot establish a *prima facie* case of retaliation.

On October 18, 2013, Gilmore filed a motion to stay the defendant's motion for partial summary judgment and the partial motion to dismiss, should the Court determine that motion to dismiss is properly converted to a motion for summary judgment. Gilmore requests discovery on whether he timely contacted the EEO office including, *inter alia*, notes or records of Gilmore's first contact with the EEO office. Rule 56(d) declaration, Dkt. 17-1, ¶ 10. The defendant opposes plaintiff's motion to stay and responds in further detail in a separate memorandum.

**<u>ARGUMENT</u>**

As set forth in detail in defendant's opening memorandum, the Court should grant defendant's partial motion to dismiss and grant partial summary in defendant's favor because all of Gilmore's claims are defective. Four of his claims must be dismissed: Counts I and II are untimely and he never exhausted his administrative remedies on the claims contained in Counts III and V. On the remaining claim, Gilmore fails to set forth a *prima facie* case of retaliation because he cannot establish the requisite *but for* causation link between his EEO counseling and the adverse employment action. Therefore, defendant is entitled to partial summary judgment on the retaliation claim.

## I.   UNTIMELY CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6)

As detailed in defendant's opening memorandum, Gilmore's non-promotion and discriminatory discharge claims should be dismissed.  Gilmore failed to comply with the threshold requirement of 29 C.F.R. § 1614.05(a)(1) by not initiating EEO contact within 45 days of the alleged discrimination.  In his opposition, Gilmore maintains that (1) he plausibly alleges that he initiated contact with the EEO, (2) were his contact untimely, plain language of the regulation would require extending the 45-day period for Gilmore, and (3) even if the denial of promotion claim is untimely, the discriminatory discharge claim is timely under the "effective date" standard.  *See* Pl. Opp. at 9-16.

### A.   PLAINTIFF FAILS TO PLAUSIBLY ALLEGE HE INITIATED EEO CONTACT WITHIN THE 45-DAY DEADLINE, DEFENDANT MET ITS BURDEN

Dismissal of a complaint under Rule 12(b)(6) is appropriate where plaintiff fails to plausibly allege a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950 (2009).  While a court must accept as true all well-pled allegations, speculative or merely conclusory allegations are insufficient.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  As set forth in the defendant's opening memorandum, plaintiff failed to initiate EEO contact within the 45 days of the allegedly adverse action, as required by 29 C.F.R. 1614.105(a)(1).  According to the allegations in the Complaint, Gilmore was informed of the personnel action in October 2007 on the date of the distribution of an agency-wide notice announcing the new SES promotions.  *See* Compl. ¶ 38.  Gilmore's EEO complaint avers that he initiated contact with the EEO for the first time on December 13, 2007, more than 45 days after he received notice that he had not been selected.  The Complaint fails to plausibly allege that he timely initiated contact because it fails to contain any reference to the date on which he contacted the EEO staff and made his informal complaint.

Defendant has satisfied its burden of proof that plaintiff fails to plausibly allege timely EEO contact for his non-selection and discriminatory discharge claims.  The effective date that triggers the 45-day requirement is the date of the adverse employment action.  *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 735 (E.D. Va. 2006) *aff'd sub nom. Lorenzo v. Gates*, 225 F. App'x 165 (4th Cir. 2007).  In the instant case, the effective date runs from October 18, 2007 – the date the SES selection was announced and Gilmore was notified of the personnel action.  Buttressed by the record, including documents with Gilmore's signature attesting to the date of his initial EEO contact, the DEA has consistently maintained that Gilmore's non-selection and discharge claims were untimely.  According to timeline set forth by the Gilmore's Complaint and his own EEO record, these two claims are time-barred and must be dismissed.

### B.  COURT MAY PROPERLY CONSIDER EXTRINSIC EVIDENCE

In evaluating a motion to dismiss, courts may also consider documents attached to the motion to dismiss when those claims are integral to or relied upon a complaint.  Courts have considered documents attached to or submitted with the complaint, as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.2004); see also *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (citing *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (affirming motion to dismiss and noting court may consider documents attached to the complaint or the motion to dismiss "so long as they are integral to the complaint and authentic.").  "[I]t is well established that district courts may take judicial notice of certain documents—including records of administrative actions—when deciding motions to dismiss."  *Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011),

*cert. denied*, 132 S. Ct. 100 (2011).

Gilmore contends that the administrative record excerpts attached to defendant's motion to dismiss are not integral to or relied upon in the Complaint. Where, as here, a plaintiff's right to bring an action in federal court depends on his having satisfied administrative remedies, the administrative record and underlying EEO complaint are relied upon in the complaint. *See Cohen v. Sheehy Honda of Alexandria, Inc.,* 2006 WL 1720679 at *2 (E.D.Va. June 19, 2006) (plaintiff concedes the discrimination charge previously filed with the EEOC was "integral to and explicitly relied upon by" the complaint because the civil action would be barred if such a charge had not previously been filed); *see also Alexander v. City of Greensboro,* 2011 WL 13857 at *7–8 (M.D.N.C. Jan. 4, 2011) (court can rely on EEO charges attached to defendant's motion to dismiss where plaintiffs referenced and relied upon their EEOC charges in the Amended Complaint, could not have brought the action without first filing the EEOC charges, and do not challenge authenticity).

An EEO complaint may be also be considered integral to a complaint where a plaintiff is only properly in federal court if those claims are not time-barred and not otherwise entitled to equitable relief. *See Gallo v. Board of Regents,* 916 F. Supp. 1005 (S.D. Cal. 1995) (court could consider "both EEOC right to sue letter and charge either as referenced in the complaint or as public records subject to judicial notice"). "Nowhere in the pertinent jurisprudence is it suggested that a discrimination plaintiff may sustain a court claim without showing resort to the avenue of administrative relief and if untimely, an equitable reason therefor." *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 781-82 (W.D. Pa. 2000) *aff'd*, 276 F.3d 579 (3d Cir. 2001) (citing *Arizmendi v. Lawson,* 914 F.Supp. 1157, 1161 (E.D. Pa.1996). Being integral to the complaint and attached to defendant's motion to dismiss, the Court may properly consider this

extrinsic evidence without converting the motion to dismiss to a motion for summary judgment. *See Bostic v. AT & T of Virgin Islands*, 166 F. Supp. 2d 350, 355 (D.V.I. 2001) (court may properly consider plaintiff's EEOC Charge, "at least for the limited purposes of determining the date filed and violations alleged," without converting defendant's motion to dismiss into a motion for summary judgment).

### C. RECORD DOES NOT ESTABLISH GENUINE DISPUTE OVER UNTIMELY EEO CONTACT

1. <u>Vague, imprecise declaration does not establish timely contact</u>

Faced with the overwhelming evidence that he failed to timely initiate EEO contact, plaintiff argues that the record is "facially contradictory" because his declaration alleges that he called to schedule an appointment with an EEO counselor five or ten days prior to his EEO meeting on December 13, 2007. Pl. Opp. at 9. The EEO charge and administrative record, including contemporary documents signed by Gilmore himself, repeatedly and consistently list his initial date of contact as December 13, 2007.

Gilmore's declaratory assertion that he called the EEO counselor to schedule an appointment five *or* ten days prior to his December 13, 2007 meeting is vague, imprecise and unsupported. Gilmore cannot state with certainly whether the call was made five days earlier (December 8, 2007) or ten days earlier (December 3, 2007). Counting from October 18, 2007, the date of the personnel action, Gilmore had to initiate contact by December 2, or the next business day, December 3, 2007. Gilmore has only vaguely and conclusorily alleged that his purported call to the EEO office occurred within the required deadline. While Gilmore is correct that the court must accept properly pled factual allegations as true and construe them in the light most favorable to the plaintiff, "wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss." *Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 754 (4th

Cir. 2013) (citing *Catholic League for Religious and Civil Rights v. City and County of San Francisco,* 624 F.3d 1043, 1080 (9th Cir. 2010). Gilmore contends that since the DEA has not argued that his allegations of timely initiation of contact fail to satisfy Rule 8, "[t]hat alone is sufficient reason to deny the DEA's motion to dismiss." Pl. Opp. 9 n. 4. Contrary to plaintiff's assertion, courts in this circuit have dismissed a complaint with vague and conclusory allegations based on a Rule 12(b)(6) motion. *See Doe*, 713 F.3d at 754, 760 (affirming dismissal of complaint where plaintiff's claim "suffers from a lack of specificity and concreteness that makes it unsuitable for determination by this court.").

2.     <u>Vague statement insufficient to constitute initiated contact</u>

Assuming *arguendo* that Gilmore called to schedule an appointment with the EEO office prior to December 13, 2007, he has not alleged the substance of this purported telephone call; thus he has failed to establish that the alleged call was sufficient to constitute initiated EEO contact. The EEO regulation does not define "initiate contact," *see Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 654 n.2 (8th Cir. 2000). Agencies are entitled to deference where their interpretation of an undefined statutory regulation is reasonable and not plainly erroneous. *See Pueschel v. Veneman*, 185 F. Supp. 2d 566, 569 (D. Md. 2002); *Johnson v. Cohen,* 6 Fed. Appx. 308, 311 (6th Cir. 2001) (unpublished) (noting and applying EEOC interpretation as not plainly erroneous or inconsistent with 29 C.F.R. § 1614.105); *Klugel v. Small*, 519 F. Supp. 2d 66, 71 (D.D.C. 2007) (the phrase "initiate contact" is ambiguous, and where a regulation is ambiguous, the court should defer to the agency's interpretation). "The EEOC's interpretation of § 1614.105(a) is relevant because an agency's interpretation of its own regulation is controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Culpepper v. Schafer*, 548 F.3d 1119, 1122 (8th Cir. 2008) (citing *Auer v. Robbins,* 519 U.S. 452, 461, 117 S. Ct. 905, 911

-7-

(1997)).  Several courts have adopted the EEOC's interpretation of the phrase "initiate contact." *See Klugel*, 519 F. Supp. 2d at 71 (finding the rationale of the courts that have adopted the EEOC's interpretation to be persuasive).

The EEOC has determined three separate steps may be required to comprise initiating contact.  "[I]n order to 'initiate contact' an employee must (1) contact an agency official logically connected with the EEO process, even if that official is not an EEO counselor; (2) exhibit an intent to begin the EEO process; and (3) allege that an incident in question is based on discrimination."  *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 672 (M.D.N.C. 2010) (citing *Pueschel*, 185 F. Supp. 2d 566, at 569-70) (internal citations omitted)).  Gilmore does not allege enough facts about his purported call to satisfy the EEO standard.

Allegations of a mere phone call to an EEO office or counselor may be insufficient to establish the required contact to survive a time-barred claim.  *See Pauling v. Sec'y of Dep't of Interior*, 960 F. Supp. 793, 804 (S.D.N.Y. 1997) (holding plaintiff's phone calls were insufficient to constitute an initiation of contact where plaintiff left messages and did not convey the substance of any alleged discrimination); *see also Johnson v. Cohen*, 6 F. App'x 308, 311 (6th Cir. 2001) (unpublished per curiam) (telephone conversation with EEO counselor in which plaintiff expressly declined to file a charge "was not the contact contemplated by the regulation.")

        3.    <u>Counselor's notation insufficient to establish timely exhaustion</u>

Next, Gilmore contends that the record indicates he made timely contact because the EEO Counselor marked "N/A" on the form regarding whether Gilmore had a reason for bringing an untimely EEO complaint.  Gilmore does not argue how the Counselor's mark of N/A, traditionally held to mean "not applicable," cures his untimely claim.  A marking of "not

applicable" is not evidence of a timely complaint.  First, the meaning of this notation is unclear.  It is not apparent from "not applicable" that the U.S. Marshal's Office EEO counsel concluded that Gilmore filed a timely claim on all the issues alleged.  Second, even if EEO counselor erroneously determined that Gilmore's non-selection and discharge claims were timely, that conclusion may still be reviewed *de novo*.  Gilmore argues that the Court "must accept this inference."  *See* Pl.'s Opp 27.  Even if the EEO counselor accepted Gilmore's assertion of timeliness and decided to investigate to claim, that investigator's decision does not preclude the agency from raising a timeliness defense.  "A federal agency, by merely accepting and investigating a tardy complaint, does not automatically waive its objection to the complainant's failure to comply with the prescribed time delays." *Johnson v. Harvey*, 1:05 CV 310 JCC, 2005 WL 1871177 (E.D. Va. Aug. 4, 2005) (Cacheris, J.) (citing *Oaxaca v. Roscoe,* 641 F.2d 386, 390 (5th Cir. 1981).  Further, should an EEO counselor investigate an untimely claim, that investigation does not create an issue of equitable tolling.  *See Kannapel v. Hudson,* 1993 WL 498234, at *10 (4th Cir. 1993) (unpublished per curiam) ("At least one sister circuit has supported [the] view [that equitable tolling or estoppel do not remedy the Gilmore's failure to timely submit her administrative complaint] by recognizing that an EEO counselor's decision to investigate a complaint does not create a claim for equitable estoppel or equitable tolling.")

### D.  GILMORE IS NOT ENTITLED TO AN EXTENSION OF THE 45-DAY PERIOD

#### 1.  Time requirements are integral to the Title VII legislation

Courts have noted the administrative and judicial importance of enforcing the timeliness requirements for initiating a Title VII admin complaint.  "Although its effects may prove harsh, the [45-day] requirement to initiate an administrative complaint is an integral part of Title VII's system for maintaining nondiscrimination in employment." *Saunders v. Stone*, 758 F. Supp.

1143, 1146 (E.D. Va. 1991) (Ellis, J.), *aff'd*, 948 F.2d 1282 (4th Cir. 1991).  Moreover, this

enforcement has been found to be in keeping with the legislative intent of the statute.  S*ee*

*Plowman v. Cheney*, 714 F. Supp. 196, 199 (E.D. Va. 1989) (Ellis, J.) (citing *Kizas v. Webster,*

707 F.2d 524, 544 (D.C. Cir. 1983) (The initiation of counseling requirement is "an integral part

of this design; it is no mere technicality; rather, it is 'part and parcel of the congressional design

to vest in the federal agencies and officials ... 'primary responsibility' for maintaining non

discrimination in employment.").

2. <u>Section 1614.105(a)(2) provision is inapplicable</u>

Gilmore argues that he is entitled to an extension of the 45 day deadline based on the

extension provision of § 1614.105(a)(2).  Pl. Opp at 8.  Under this provision, the employing

agency of the EEOC may grant an extension may be warranted when the individual "shows that

he or she was not notified of the time limits and was not otherwise aware of them, that he or she

did not know and reasonably should not have been [sic] known that the discriminatory matter or

personnel action occurred."  § 1614.105(a)(2).  However, the burden of proving a lack of notice

lies with the complainant.  § 1614.105(a)(2)*; see also Nealon v. Stone*, 958 F.2d 584, 589-90 (4th

Cir. 1992).  *Cooley v. Goss*, 430 F. Supp. 2d 544, 548 (E.D. Va. 2005) *aff'd sub nom. Cooley v.

Tenet*, 141 F. App'x 129 (4th Cir. 2005).  Gilmore therefore must to prove he qualifies for an

extension of time available under § 1614.105(a)(2).

During the administrative proceedings the plaintiff never invoked §105(a)(2) to request

an extension of time.  Indeed even after his claim of discrimination in connection with the

promotion to the SES was dismissed by an EEOC Administrative Judge as untimely he did not

seek reconsideration of that decision under §105(a)(2).  Accordingly, he has waived any claim

under §105(a)(2).

The Fourth Circuit has noted that the regulations regarding Title VII discrimination complaints require employers to make employees aware of the 45-day deadline and may waive the deadline if an employee can demonstrate that she had neither actual nor constructive notice of the time limit.  *See Jakubiak v. Perry,* 101 F.3d 23, 26-28 (4th Cir. 1996); *Nealon*, 958 F.2d at 589-90; *Cooley v. Goss*, 430 F. Supp. 2d 544, 548 (E.D. Va. 2005) *aff'd sub nom. Cooley v. Tenet*, 141 F. App'x 129 (4th Cir. 2005).  Gilmore has not argued that he was not notified of the time limits or not otherwise aware of them; as a supervisor at DEA he would have received required annual EEO training which would preclude such a claim in any event.  Moreover, the EEOC has held that a "notice posted at [the employee's] work site" constitutes "constructive notice of the time limits applicable to initiating the EEO process."  *Temple v. Goldin,* App. No. 01960358, 1996 WL 528819, at *2 (E.E.O.C. Sept. 6, 1996).  *See* Stawicki Declaration, Defendant's Exhibit L (Jan. 25, 2012) (declaring EEO informational posters were posted in plaintiff's office and clearly identified the dates and deadlines for bringing complaints).  These posters were posted clearly in the same area as other employee announcements, and were therefore reasonably placed to inform DEA employees of the appropriate time limits.  The Court may presume Gilmore's knowledge of the timeline based on the EEO notices.  *See Pauling*, 960 F. Supp. 793, 805 (finding that where the government has presented evidence that EEO posters were displayed at plaintiffs' work site and gave notice that employees should report any discriminatory actions to an EEO officer within requisite number of days of the incident).  Posting alone "may be sufficient to defeat an employee's equitable tolling claim, since a court can presume knowledge of statutory rights based on the notices."  *Dillman v Combustion Engineering, Inc.,* 784 F.2d, 57, 60 (2nd Cir. 1986); s*ee also Rivera v. United States Postal Serv.,* 1996 WL 435433, at *3 (E.D.N.Y. July 25, 1996).

Moreover, Gilmore's own allegations undermine any argument that he did not know and reasonably should not have] known that the allegedly discriminatory matter or personnel action occurred.  Compl. ¶ 38 (alleging that he was individually notified via telephone of the personnel action prior to the Agency announcement circulation).  Thus, the extension provision is inapplicable where Gilmore makes no argument that he was unaware of the EEO statutory deadlines or that he lacked notice of the personnel action that triggered the 45-day requirement for initiating contact with an EEO counselor.

3.     Gilmore not entitled to equitable tolling

When a discrimination claim appears to be time-barred, the burden is on the plaintiff to assert or establish facts that justify equitable tolling.  *Moret v. Geren*, 494 F. Supp. 2d 329, 337 (D. Md. 2007); *see also DePippo v. Chertoff*, 453 F. Supp. 2d 30, 34 (D.D.C. 2006).  Moreover, any such "equitable exceptions to the statutory limitations period should be sparingly applied." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987).[1]  Consequently, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Although Gilmore argues that his claims should be subject to equitable tolling, the facts as alleged do not support a finding that equitable tolling is appropriate under the circumstances.

---

[1]     Defendant acknowledges that the EEOC timeliness requirement properly like a statute of limitations, which may be waived or extended based on equitable considerations.  It is precisely because the statutory deadline differs from a traditional jurisdiction analysis that courts have analyzed it under Rule 12(b)(6).  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ("filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit").

The Complaint alleges Gilmore had individual notice of the allegedly adverse personnel decision and plaintiff has not alleged any deceit or deception from the DEA caused him to wait more than 45 days after receiving that notice to initiate EEO contact.  Where, as here, a plaintiff has not alleged the defendant contributed to his delay, he must be able to point to "some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." *Harris*, 209 F.3d at 330.  Gilmore cites *Crabill* in support of his argument that "an 'extraordinary circumstance' exists where [plaintiff] did not suspect at the time he learned the DEA did not promote him that it failed to do so for discriminatory reasons."  Pl. Opp. at 16. n. 8.  As the Fourth Circuit makes clear, an extraordinary circumstance must be something beyond the plaintiff's control.[2]  *See Harris*, 209 F.3d at 330; see also *English,* 828 F.2d at 1050 ("While a time bar might be tolled on equitable grounds 'if the employee could show that it would be impossible for a reasonably prudent person to learn that his discharge was discriminatory," plaintiff has carried his burden in this regard where there has been no showing that defendant concealed or misrepresented anything about the personnel action); *Huff v. Bd. of Governors of Univ. of N.C.*, 334 F. App'x 583, 584 (4th Cir. 2009) (no equitable tolling where plaintiff was unaware of the reason for his termination but there is no evidence employer concealed the information).  Gilmore's investigation of the merits of his potential claim prior to counseling is within his control and by definition cannot constitute an "extraordinary circumstance."

---

[2]     Even a plaintiff's ignorance of his legal rights or legal mistakes involving a misinterpretation of the statute of limitations may not constitute extraordinary circumstances. *See Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation); *see also Harris*, 209 F.3d at 330-331 (refusing to toll statute based on an apparent innocent mistake by plaintiff's counsel finding that it did not constitute an "extraordinary circumstance" sufficient to warrant equitable tolling).

**E.   BOTH PROMOTION AND DISCRIMINATORY DISCHARGE CLAIMS ARE UNTIMELY BASED ON EFFECTIVE DATE OF PERSONNEL ACTION**

Gilmore has not established that he initiated contact with an EEO counselor within the time prescribed by 29 C.F.R. § 1614.105(a)(1).  Where, as here, a plaintiff claims he was subjected to discrimination when he was not selected for a position to which he applied, the date of the selection is the "personnel action" used to calculate the starting time for initiating contact with an EEO counselor.  *See Lorenzo*, 456 F. Supp. 2d at 735; *Jakubiak,* 101 F.3d at 26-27.  Gilmore contends that even if he failed to timely initiate EEO contact on the non-selection claim, the discriminatory discharge was timely brought as he was not effectively removed until January 2008.  However, per Gilmore's allegations, he was on notice in October 2007.  Gilmore was serving in the DCI position when he was notified of his non-selection for the promotion and the Agency formally announced his replacement.  Nor could he allege that the position remained open (or was reopened for selection) after he (and the entire agency) received notice of the promotion of another applicant to the position he sought.  Given that the decision simultaneously implicated his current assignment as well as the promotion, the effective date runs from October 18, 2007, when he individually notified of his non-selection to the DCI SES position.

**II.   UNEXHAUSTED CLAIMS MUST BE DISMISSED - FRCP 12(B)(1)**

**A.   THE COURT MAY PROPERLY CONSIDER EXTRINSIC EVIDENCE WITHOUT CONVERSION TO A MOTION FOR SUMMARY JUDGMENT**

As plaintiff himself concedes, the district court may consider evidence outside the pleadings in determining whether jurisdiction exists.  *See* Pl. Opp. at 18 n. 10; *see also Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "The starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation."  *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983).  Because a discrimination plaintiff cannot "sustain a court claim without showing

resort to the avenue of administrative relief," this court will consider the EEO charge form filed

by plaintiff. *See Arizmendi,* 914 F.Supp. at 1161; *Reed v. Hewlett-Packard Co.*, CIV. A. 98-582-

GMS, 2001 WL 65725 (D. Del. Jan. 12, 2001) (holding plaintiff's discrimination charge form is

"both integral to his complaint and a matter of public record."); *Whitehead v. AM Int'l, Inc.*, 860

F. Supp. 1280, 1286, n. 5 (N.D. Ill. 1994) ("To determine the proper scope of [plaintiff]'s Title

VII complaint, however, the court must consider the accusations made in the EEOC charge."

Further, the court may properly consider the attachments to Defendant's motion to dismiss

without treating the motion as a motion for summary judgment). *See Richmond*, 945 F.2d at

768; *Whitehead*, 860 F. Supp. at 1286, n. 5 (to determine EEO charge scope, district court

considered the exhibits attached to defendant's motion to dismiss in resolving the issues raised

by defendant, without treat the motion as a motion for summary judgment).

Gilmore's EEO charge and related administrative record reveal that the substantive

inquiry by the EEO was limited to defendant's claims of discrimination. Additional claims

exceeding the scope should be dismissed for a failure to exhaust. *Evans*, 696 F.2d at 929

(affirming district court's holding that plaintiff's claims were beyond the scope of the EEOC

charge where record reveals substantive inquiry was limited to defendant's claims of

discrimination in promotion and harassment)

## B. PLAINTIFF FAILS TO CARRY HIS BURDEN TO ESTABLISH JURISDICTION

As set forth in Defendant's opening memorandum, Gilmore raised two unexhausted

allegations in his federal Complaint: (1) the constructive discharge, or (2) discriminatory

demotion. Neither of these claims were the subject of any later formal EEO Complaint.

Therefore, Gilmore cannot raise these claims for the first time with this Court. "It is axiomatic

that a claimant under Title VII must exhaust his administrative remedies by raising his claim

before the EEOC." *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999)

(citing *Dennis v. County of Fairfax,* 55 F.3d 151, 149, 156 (4th Cir.1995). *See also Simmons v.*

*Marsh,* 1990 WL 163059, *4 (4th Cir. 1990) (failure to amend administrative complaint to

contain constructive discharge claim is a failure to exhaust administrative remedies and is

therefore impermissible).

When a Rule 12(b)(1) motion challenge is raised arguing the factual basis for subject

matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *See*

*Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.

1991). Gilmore made contact with an EEO counselor alleging additional allegations of

discrimination and retaliation and filed a formal EEO complaint in March 2008. As Gilmore

points out, the EEO investigation of all his claims lasted for over five years. *See* Pl. Op. at 23.

Nonetheless, Gilmore failed during that long period of time to amend his EEO complaint to add

the charges he now raises in federal court.

In his Opposition, Gilmore claims that (a) his discriminatory demotion claim is alleged in

his EEO complaint (b) both the discriminatory demotion and constructive discharge claims are

reasonably related to the allegations in his EEO complaint and would be expected to follow from

a reasonable administrative investigation and (c) the EEOC in fact has actually investigated both

claims. *See id.* at 17. None of these arguments suffice to excuse his failure to exhaust these

claims.

### C.  UNEXHAUSTED CLAIMS NOT SUFFICIENTLY ALLEGED IN EEO COMPLAINT

Gilmore failed to amend his complaint and cannot now insert claims that should have

been raised during the EEO process. *See Sloop,* 198 F.3d at 149 (holding that plaintiff who took

no official action to amend her administrative charge of discrimination had not exhausted

administrative remedies with respect to claim not included in the original charge)).  Gilmore

argues that as a non-lawyer, he "should not be penalized for failing to allege 'discriminatory

demotion' in *haec verba*."  Pl. Opp. 19.  However, Gilmore does not explain why he did not

amend the complaint after consultation with counsel regarding his administrative claims.  Even if

Gilmore was not initially aware of his obligation to state his claims, it is his burden to prove why

he did not amend his complaint prior to the conclusion of the final investigation to include these

additional claims.

### D.   THE UNEXHAUSTED CLAIMS EXCEED THE SCOPE OF HIS ADMINISTRATIVE CLAIM AND ARE NOT REASONABLY RELATED TO ACTUAL ALLEGATIONS MADE

As plaintiff himself concedes, the Court may properly look to extrinsic evidence such as

the EEO Complaint and administrative record for the limited purpose of evaluating the scope of

Mr. Gilmore's charge and the subsequent investigation.  *See* Pl. Opp. 18 n. 10 (citing *Coles v.*

*Carilion Clinic*, 894 F. Supp. 2d 783, 791 n.5 (W.D. Va. 2012) (citing *Sydnor v. Fairfax Cnty.,*

*Va.*, 681 F.3d 591, 594 & n.1) ("[M]aterials in the EEOC's investigation file, albeit without the

four corners of the formal charge, may nonetheless be consulted in determining the precise

character of a plaintiff's allegations at the EEOC level, for purposes of an administrative

exhaustion analysis.").

The crux of the EEO investigatory record focuses on plaintiff's non-selection for SES

promotion and denial of lateral transfers.  Gilmore's allegation that his rotation to another

division with the same compensation, benefits and opportunity to apply for future promotions or

transfers was a discriminatory demotion was neither sufficiently investigated nor reasonably

related to the initial claims as it shifts the investigation to a different set of factors and time

period from the October 2007 and December 2007 personnel actions.  *See Chacko v. Patuxent*

*Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("[A] plaintiff fails to exhaust his administrative

remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.)

## III.   PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF RETALIATION

Gilmore cannot establish a *prima facie* case of retaliation where he cannot prove that he there is any causation link between the protected activity and the allegedly discriminatory denial of lateral transfer requests.  As supported by the evidence submitted and attached to defendant's opening memorandum, the Career Board evaluating applicants was focused on alternate candidates up to a week *prior* to his initiation of EEO contact and concluded their hiring decisions the day *before* he engaged in protected activity.  It is impossible to sustain a retaliation claim where there is no evidence that the protected conduct occurred prior to the claimed adverse action or that the decision-makers were aware of the EEO activity.

### A.   PLAINTIFF BEARS THE BURDEN TO PROVE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE

The record indicates that the Career Board made the personnel decisions in advance of Gilmore's initiation of EEO contact.  Even if there is a dispute about the timing of the initial contact, Gilmore has no proof besides conclusory allegations that anyone knew of Gilmore's contact with the EEO Office prior to the lateral hiring decisions.  *See* Defendant's Exhibit B – Leonhart Interrogatories (averring that she was unaware of Gilmore's claim until he filed his EEO complaint);  Defendant's Exhibit E – Mazzei Declaration (Gilmore's claim not part of Career Board hiring decisions); and Defendant's Exhibit M – Smith Declaration (declaring that she did not notify management of Gilmore's claim prior to his initial interview on December 13, 2007).  This lack of knowledge is fatal to plaintiff's retaliation claim. "The Fourth Circuit has repeatedly held that summary judgment is appropriate where a plaintiff provides no evidence that a decision-maker knew of plaintiff's protected activity."  *Gordon v. Napolitano*, 863 F. Supp. 2d

541, 550 (E.D. Va. 2012) (citing *Baqir v. Principi*, 434 F.3d 733, 748 (4th Cir. 2006).

Plaintiff bears the burden of proving his *prima facie* case. The DEA does not need to provide affidavits or other evidence, but "need only show that plaintiff has failed to create a genuine issue of material fact with respect to the causation element." *Gordon v. Napolitano*, 863 F. Supp. 2d 541, 550 (E.D. Va. 2012); *see Carr v. Deeds*, 453 F.3d 593, 608 (4th Cir.2006) (quoting *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). Gilmore has introduced no evidence that Leonhart —or any of the Career Board member for that matter—knew of plaintiff's contact with the EEO office. The DEA has provided ample evidentiary support for its assertion that the decision makers were unaware of Gilmore's EEO activity. There are no genuine material issues of fact here. For these reasons, the Court should grant the defendant's motion for partial summary judgment.

## B. Discovery is Unnecessary Where There are No Genuine Issues of Material Fact in Dispute

Gilmore argues that summary judgment is premature at this juncture without additional discovery. As set forth in greater detail in defendant's opposition to plaintiff's motion to stay, given the voluminous administrative record and the questions of law presented here, Gilmore cannot demonstrate that he is unable to effectively respond to the motion without discovery, or that such discovery would bear on the pending motion.

## CONCLUSION

Defendant respectfully requests that the Court dismiss certain of Gilmore's claims pursuant to Fed. R. Civ. P. 12(b)(1) for failure exhaust administrative remedies and/or pursuant to Fed. R. Civ. P. 12(b)(6) for failure to timely exhaust. Alternatively, Defendant respectfully requests that the Court grant summary judgment in favor of Defendant on all of Gilmore's claims.

For the foregoing reasons, this Court should dismiss plaintiff's motion to stay the motion and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, enter judgment in favor of defendant on the retaliation claim.

Respectfully submitted,

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: _____/s/_____
AYANA N. FREE
R. JOSEPH SHER
Assistant United States Attorneys
OFFICE OF THE UNITED STATES ATTORNEY
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:     (703) 299-3785
Fax:               (703) 299-3983
Email:            ayana.free@usdoj.gov

DATED:  November 1, 2013                *Counsel for the Defendant*


*Of Counsel*:

RICHARD RENNERT
Senior Attorney
Drug Enforcement Administration

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

Bradford Hardin (#76812)
WILMER CUTLER PICKERING HALE AND DORR LLP
1899 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
bradford.hardin@wilmerhale.com
*Counsel for the Plaintiff*

                                        /s/
                              _____
                              AYANA N. FREE
                              Assistant United States Attorney
                              OFFICE OF THE UNITED STATES ATTORNEY
                              Justin W. Williams Building
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Telephone:    (703) 299-3785
                              Fax:          (703) 299-3983
                              Email:        ayana.free@usdoj.gov

DATED: November 1, 2013       *Counsel for the Defendant*