**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| EDWARD L. GILMORE,           ) | |
| )| |
| Plaintiff,           ) | |
| ) | |
| v.           ) | |
| )| Civil Action No. 1:13-cv-789 (LO/IDD) |
| ERIC HOLDER,           ) | |
| in his official capacity as           ) | |
| Attorney General of the United States,           ) | |
| ) | |
| Defendant.           ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO STAY**

Defendant Eric H. Holder, Attorney General of the United States, hereby respectfully submits the instant memorandum of law in opposition to plaintiff's motion to stay pending discovery in the above-captioned action.

**INTRODUCTION**

On June 26, 2013, plaintiff Edward L. Gilmore, who retired as a Special Agent from the Drug Enforcement Administration (hereinafter the "DEA" or "Agency"), brought an action alleging that the DEA discriminated against him due to his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Plaintiff alleges five claims in his complaint: 1) denial of a promotion, 2) discriminatory discharge, 3) discriminatory constructive discharge, 4) retaliation, and 5) discriminatory demotion. *See* Compl. ¶¶ 62-91.

On September 27, 2013, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56, defendant moved to dismiss in part and for summary judgment in part. In its opening memorandum, defendant argued that the denial of promotion and unlawful discharge claims

should be dismissed as untimely; the Court lacks subject matter jurisdiction over the unexhausted constructive discharge and discriminatory demotion claims; and requests partial summary judgment on the retaliation claim as Gilmore cannot establish a *prima facie* case of retaliation because the decisions he claims were retaliatory were taken *before* he engaged in protected activity. On October 18, 2013, Gilmore filed a motion to stay the defendant's motion for partial summary judgment and the partial motion to dismiss, should the Court determine that motion to dismiss is properly converted to a motion for summary judgment. Plaintiff requests discovery, *inter alia*, on when Gilmore first contacted the EEO office and asserts that this discovery is required to respond to defendant's arguments. *See* Weinstein Decl. ¶ 10.

## ARGUMENT

**I.     STANDARD OF REVIEW**

The entry of summary judgment is properly precluded only by disputes over facts that might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby,* 477 U.S. 262, 248, 106 S.Ct. 2505, 2510 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted."). To succeed on a Rule 56(d) motion, the movant must show "that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." *Landino v. Sapp*, 520 F. App'x 195, 199 (4th Cir. 2013) (unpublished per curiam) (citing Fed. R. Civ. P. 56(d)). Movant may not stall summary judgment seeking irrelevant or burdensome discovery. Plaintiff must show that there is a genuine issue of material fact. *See Strag v. Bd. of Trustees*, 55 F.3d 943, 954 (4th Cir. 1995). Rule 56(d) motions should be denied if "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Id.*

The decision whether to grant relief pursuant to Rule 56(d) is discretionary. *See Nguyen*

*v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). Where discovery sought is unnecessary or does not create a genuine issue of material fact, courts have specifically held that summary judgment may be appropriate when discovery is not complete or has not even begun. *See Webster v. Rumsfeld*, 156 Fed. Appx. 571, 577 (4th Cir. 2005) (affirming district court's decision to grant summary judgment on some of claims prior to discovery, where discovery sought was not necessary to the resolution of the claims, and would not create a genuine issue of material fact).

## II. PLAINTIFF'S MOTION TO STAY SHOULD BE DENIED AS DISCOVERY SOUGHT WOULD NOT BE SUFFICIENT TO OVERCOME SUMMARY JUDGMENT

Plaintiff hopes to avoid summary judgment by claiming that discovery is needed in order to present facts essential to his opposition, however, he has failed to identify any proposed discovery that would be sufficient to defeat summary judgment. First, the majority of the discovery sought is for information that is already within Gilmore's own possession or subjective knowledge. Second, the discovery requests lack the requisite level of specificity. Finally, and most importantly, there is no genuine issue of material fact and the discovery sought is insufficient overcome summary judgment. For the following reasons, the Court should deny plaintiff's motion to stay summary judgment.

### A. PLAINTIFF SEEKS DISCOVERY OF DOCUMENTS WITHIN HIS OWN POSSESSION OR KNOWLEDGE

1. <u>Discovery requested was provided during administrative proceedings</u>

As demonstrated in both defendant's opening memorandum and plaintiff's subsequent filings, the record in this case is extensive. The administrative record is voluminous, including Gilmore's submission, the report of investigation created by an independent investigator, DEA responses to administrative discovery requests and administrative adjudications. During the administrative proceedings, plaintiff was represented, and received extensive documentation relevant to his discrimination and reprisal claims –including copies of all the documents attached

to defendant's dispositive motions. This fact is evidenced by plaintiff's citations to the administrative record in his opposition. *See, e.g.*, Pl. Opp. 10, 27. Courts have held that when plaintiff has access to an extensive administrative record, a district court may properly exercise its discretion in denying a motion to stay for discovery under Rule 56. *See Boyd v. Guiterrez*, 214 F. App'x 322, 323 (4th Cir. 2007) ("Given the extent to which numerous documents and affidavits submitted during his EEOC proceedings were already available to [plaintiff], we find no abuse of the district court's discretion in denying [plaintiff]'s Rule 56(f) motion").

Gilmore contends that the motion to stay should be granted because he had no opportunity for discovery during the underlying administrative proceedings. It is implausible that Gilmore does not have access to the records he filed in his own EEO Complaint or received during those proceedings. *See Khoury v. Meserve,* 268 F. Supp.2d 600, 612 (D. Md. 2003) (where there was a full and detailed factual record, plaintiff could not claim that there had not been time or opportunity to develop the facts of the case); *see also Palmer v. Barnhart*, CIV. WDQ-04-323, 2005 WL 6138318 (D. Md. Aug. 25, 2005) *aff'd*, 177 F. App'x 369 (4th Cir. 2006) (denying request for additional discovery under Rule 56(f), stating that "[a]s the Plaintiff had ample opportunity to develop her case during the EEOC hearing, summary judgment is not premature."). Notably, the information requested mirrors certain discovery requests and information the DEA provided during the administrative proceedings in response to the Complaint Adjudication Office's request for supplemental information. *See* Request for Supplemental Information, Ex. A to Defendant's Opposition (Aug. 21. 2012) (requesting supplemental documents as part of EEO investigation).[1] This is not a case in which the plaintiff

---

[1] Gilmore had contemporary access to the DEA's responses to these requests. As indicated on the discovery requests, "any documents sent to this office in response to this request for supplemental information should be sent to the complainant's counsel as well." *Id.* at 2.

has had no opportunity to discover the essential information relevant to his claims but rather one where he has had access to numerous documents. *See Boyd*, 214 F. App'x at 323.

2. <u>Plaintiff seeks discovery on information within his own knowledge</u>

Gilmore asks this Court to grant him discovery on information that is well within his own knowledge or possession such as the date of his contact with the EEO office, or the date on which he learned that Barbara Roach was not on the "Best-Qualified List." *See* Weinstein Decl. ¶ 12.[2] Plaintiff cites no support for the notion that he can delay summary judgment to seek discovery on his own actions and awareness – facts that are reasonably within his own possession or knowledge. The date upon which Gilmore learned the DEA Agent selected for the SES-level promotion was not on the "Best-Qualified List" is completely within his exclusive knowledge. Plaintiff cannot reasonably contend that he cannot respond to defendant's arguments without information about his own recollection or awareness. Further, the date of his awareness of Ms. Roach's qualifications is completely irrelevant for his retaliation claim. Gilmore's subjective knowledge of his replacement's qualifications fails to prove a causal connection between the December 12, 2007 Career Board decision regarding the transfer positions and Gilmore's protected EEO activity on December 13, 2007.

---

[2] Plaintiff seeks discovery on, inter alia, the following:

> (a) records of Plaintiff's contact with Defendant's EEO office;
>
> (b) email or other correspondence between Plaintiff or Defendant and others containing material information, such as (i) the date on which Plaintiff learned Barbara Roach was not on the "Best-Qualified List" for the SES-level position of Deputy Chief Inspector in the Office of Security Programs; (ii) the date on which Plaintiff first spoke with the EEO office, and any records of what was said during that conversation; and (iii) statements relating to the reasons why Plaintiff received neither of the lateral transfers for which he applied in December 2007.

*Id.* at ¶ 12.

As Gilmore concedes, the crux of his discovery request is for information confirming the date of plaintiff's first contact with the EEO office. Plaintiff claims that "[d]iscovery is necessary, first, to determine when Plaintiff first contacted the EEO office." Weinstein Decl. ¶ 9. There is an extensive record with multiple documents, including several signed by Gilmore, stating that his first contact with the EEO office was on December 13, 2007. *See e.g.,* EEO Counselor's Report, Plaintiff's Opposition Ex. 1 (report includes a chronology of Gilmore's EEO activity), Gilmore EEO Compl., Defendant's Motion for Partial Summary Judgment Ex. C (listing the date of his initial EEO contact); and Smith Declaration, Defendant's Reply Brief, Ex. M (Nov. 1 2013). Plaintiff does not need further discovery where the record is extensive and he himself avers that alleged fact in dispute. *See id.*

Gilmore's general assertions that the discovery rests within defendant's control are insufficient without showing which facts are actually in the exclusive control of the DEA. *See Greenberg v. Food & Drug Admin.*, 803 F.2d 1213, 1224 (D.C. Cir. 1986) ("The mere averment of exclusive knowledge or control of the facts by the moving party is not adequate: the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control." (quoting 6 J. Moore & J. Wicker, *Moore's Federal Practice* ¶ 56.24, at 56-1432 (2d ed. 1985)). As the overwhelming majority of the requests are for items in the EEO record or within Gilmore's subjective knowledge, he fails to show what specific information he expects to obtain by conducting discovery that is not already in the administrative record or in his possession.

  **B.**  **DISCOVERY REQUESTS LACK REQUISITE LEVEL OF SPECIFICITY**

Aside from discovery that is within the administrative record or not within DEA's exclusive control, Gilmore's discovery requests do not identify triable issues of fact in response to defendant's arguments, as required by Rule 56(d), but are rather broad requests. Given the

voluminous administrative record, plaintiff's discovery requests should point to specific facts which would place in issue a material fact. *See Radi v. Sebelius*, 434 F. App'x 177, 179 (4th Cir. 2011) (unpublished per curiam) ("While we do not suggest that the existence of an administrative investigation and record automatically precludes the need for discovery, the administrative record at the very least should have enabled [plaintiff] to produce an affidavit sufficiently detailed to meet the requirements of Rule 56(f).") Summary judgment should not now be delayed so that Gilmore may engage in a further fishing expedition in the hope of potentially finding something that contravenes the well-established record. *See Morrow v. Farrell*, 187 F. Supp. 2d 548, 551 (D. Md. 2002) *aff'd*, 50 F. App'x 179 (4th Cir. 2002) (denying "fishing expedition" request for discovery in discrimination case based on generalized statements without specification of what discovery might be needed or pointing to specific facts that might merit further discovery). Where a plaintiff already has an extensive amount of information available to him, requests for additional discovery may be determined to rely "on pure conjecture." *Hamilton v. Geithner*, 1:08CV1112 (JCC), 2009 WL 2240358 at *2 (E.D. Va. July 23, 2009) (Cacheris, J.) "[T]here is no reasonable expectation that Plaintiff's requested discovery will turn up anything new, especially as the questions that he wants to ask were substantially answered under oath and closer in time to the occurrence of the events in question . . ." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (emphasis added).

Even if considered sufficiently specific, none of these requests can serve as the basis for a successful Rule 56(d) application as none of the information sought could possibly create a genuine dispute of material fact.

    C.    **THERE IS NO GENUINE ISSUE OF MATERIAL FACT IN DISPUTE**

No amount of discovery with respect to any of these issues requested will generate a genuine dispute of material fact sufficient to overcome summary judgment. There are no

genuine issues of material fact in dispute over the essential facts Gilmore needs to establish a *prima facie* case of retaliation – a) the date he engaged in protected conduct by initiating contact with the EEO, b) the date of the allegedly adverse employment decision and c) a causal link between the protected activity and the adverse action.

    1.  <u>Administrative and internal records confirm initial EEO contact date</u>

Gilmore claims to need records of his initial contact with Defendant's EEO office. *See* Weinstein Decl. ¶ 12. Gilmore asserts that discovery sought would provide a basis for opposing the summary judgment portion of the defendant's motion because "[i]nformation on Plaintiff's first contact with the EEO office would be found in internal records, such as EEO counselors' notes, that are exclusively in Defendant's possession." *Id.* at ¶ 9.

The record, including documents signed and dated by Gilmore himself, consistently indicates that the date of Gilmore's first initiate EEO contact was December 13, 2007. *See* Gilmore EEO Complaint, Defendant's Exhibit C, at 1. The Agency's internal records sought by Gilmore are already in his EEO file and confirm this information.

On December 13, 2007, EEO counselor Stephanie Smith conducted an initial counseling session. *See* Smith Decl. at ¶ 14. As part of that initial session, Ms. Smith explained the rights and responsibilities for employees during the EEO process. *Id*. Also, on that date, Gilmore was informed that he could remain anonymous until filing a formal complaint and waived his right to anonymity. Gilmore signed and dated forms acknowledging this initial intake session. *See id.* Ms. Smith avers that per agency protocol, the DEA EEO Office did not contact either Gilmore's supervisors or DEA senior management about Gilmore's allegations prior to his informal counseling session on December 13, 2007. *Id.* at ¶ 13.

On January 30, 2008, Gilmore's case was referred to the Justice Management Division due to a conflict of interest. On February 14, 2008, Gilmore's case was transferred to the US

Marshals' EEO Office, where Robert Wesley served as Gilmore's EEO Counselor. Gilmore's file was subsequently transferred to the U.S. Marshals EEO office and EEO intake notes from Mr. Wesley, the U.S. Marshals' Service counselor, further confirm the initial date of contact. There is no support for Gilmore's speculation that further discovery would change the initial date of EEO contact – a fatal fact for his retaliation claim. There is no additional relevant discovery available on this issue.

2. <u>Depositions are unnecessary without genuine issues of material fact in dispute</u>

Gilmore also seeks to depose DEA's EEO office and the Career Board employees involved in the relevant hiring decisions. For the reasons below, both sets of depositions would be burdensome and unnecessary as the relevant discovery Gilmore seeks is unavailable, already in the administrative record, or insufficient to create a genuine issue of material fact about the lack of causation between his protected conduct and the Career Board's prior hiring decisions.

Plaintiff's own vague assertions about calling the EEO office on an unspecified date are insufficient to create a genuine issue of material fact. Assuming *arguendo* that Gilmore in fact called the EEO office five days prior to his first meeting on December 13, 2007 to schedule a meeting and there is factual discovery supporting that allegation, that telephone call might still be insufficient to establish a genuine issue of material fact. If the call were five days ahead of his initial contact, the date would be December 8, 2013 (one to two days *after* the Career Board memoranda recommending three other candidates to each the positions).

Moreover, deposing the relevant EEO staff witness – Ms. Smith – would be unproductive. While the EEO counselor recalls speaking with him on the telephone to schedule the appointment, she does not recall speaking to him about the substance of his allegation prior to the December 13, 2007 meeting and confirmed that she did not notify his supervisor or DEA

senior management about the substance of Gilmore informal complaint prior to their meeting. Smith Decl. at ¶ 13. Plaintiff is simply unable to establish a *prima facie* case of retaliation that *but for* the EEO appointment call, he would not have been denied the lateral transfers.

### III. UNLESS DEFENDANT'S PARTIAL MOTION TO DISMISS IS CONVERTED TO A MOTION FOR SUMMARY JUDGMENT, RULE 56(D) IS INAPPLICABLE

Rule 56(d) does not entitle plaintiff to discovery on defendant's partial motions to dismiss. As plaintiff himself acknowledges, unless the Court determines that the defendant's motions to dismiss should be converted to motions for summary judgment, Rule 56(d) is inapplicable. In particular, plaintiff may not seek discovery on claims which defendant moved to dismiss for lack of jurisdiction under Rule 12(b)(1), which would provide discovery on claims that he otherwise lacks standing to pursue. *See United Presbyterian Church in U.S.A. v. Reagan*, 557 F. Supp. 61, 64 (D.D.C. 1982) ("Such a request is a 'fishing expedition' of the most obvious kind, and this Court will not permit plaintiffs, in the face of a motion to dismiss for lack of subject matter jurisdiction, to undertake such a general search in the hope that some cause of action might be uncovered.")

### CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's motion to stay the motion for partial summary judgment.

        Respectfully submitted,

        DANA J. BOENTE
        ACTING UNITED STATES ATTORNEY

*By*:            /s/
        AYANA N. FREE
        R. JOSEPH SHER
        Assistant United States Attorneys
        OFFICE OF THE UNITED STATES ATTORNEY
        Justin W. Williams Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Telephone:   (703) 299-3785
        Fax:   (703) 299-3983
        Email:   ayana.free@usdoj.gov

DATED:  November 1, 2013        *Counsel for the Defendant*


        *Of Counsel*:

        RICHARD RENNERT
        Senior Attorney
        Drug Enforcement Administration

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

Bradford Hardin (#76812)
WILMER CUTLER PICKERING HALE AND DORR LLP
1899 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
bradford.hardin@wilmerhale.com
*Counsel for the Plaintiff*

/s/
AYANA N. FREE
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3785
Fax: (703) 299-3983
Email: ayana.free@usdoj.gov

DATED: November 1, 2013      *Counsel for the Defendant*