# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| EDWARD L. GILMORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ERIC HOLDER, )<br>in his official capacity as )<br>Attorney General of the United States, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:13-cv-789 (LMB/IDD) |

## RULE 26(F) PROPOSED JOINT DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order dated November 15, 2013, the parties, jointly and by counsel, submit their joint discovery plan for the instant action.

1. RULE 26(F) CONFERENCE: The parties have conferred pursuant to Rule 26(f).

2. INITIAL DISCLOSURES: The parties will exchange the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on December 20, 2013.

3. JOINDER OF PARTIES: The parties do not anticipate the joinder of additional parties.

4. AMENDMENT OF PLEADINGS: The parties do not anticipate further amendment of pleadings.

5. PROTECTIVE ORDER: The parties do not anticipate that a Protective Order will be needed. If the need arises, the parties will discuss the same and endeavor to present the Court with a proposed protective order promptly.

6. EXPERT DISCOVERY: Should the parties employ experts to testify in this proceeding, the following schedule will govern discovery relating to those experts:

    A. <u>Timing of Expert Discovery</u>: All expert discovery will be completed on or before March 14, 2014.

    B. <u>Expert Disclosures</u>: The parties shall exchange expert disclosures required by Fed. R. Civ. P. 26(a)(2) on all issues on which they bear the burden of proof by February 7, 2014. The parties shall exchange rebuttal expert disclosures by March 3, 2014.

    C. <u>Expert Depositions</u>: Experts may be deposed for one (1) day for up to seven (7) hours by each party about whom the expert has disclosed opinions.

7. DISCOVERY LIMITATIONS: The parties agree to the following limitations on discovery. Discovery shall not be conducted in phases or be limited to, or focused on, particular issues, except as set forth below, and in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules. Pursuant to the Court's Order of November 15, 2013, a party may not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of court.

    Depositions: The parties agree that, pursuant to the Court's Order of November 15, 2013, a party may not exceed five (5) non-party, non-expert witness depositions without leave of court. The parties agree that each deposition shall not exceed one (1) day of seven (7) hours. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel and the parties, and that in any event notice of any deposition will be given not less than seven (7) days prior to the scheduled date of the deposition.

    Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the remaining

parties to its receipt of such documents within five business days of receipt and shall make the received documents available for inspection and copying.

8.  EXPERTS: Any testifying experts retained by the parties shall retain, and preserve all electronic media in their possession, custody or control that contain data, files and communications relevant to the claims and defenses in this case, including drafts, material reviewed, and correspondence with counsel, from all reasonably identifiable sources (including but not limited to, mainframe computers, servers, laptops and work stations, personal digital assistants, and back-up tapes).

The parties agree that no notes, drafts, or other type of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report or testimony in connection with this action; such communications shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

9.  PRODUCTION OF ELECTRONIC FILES AND DATA AND OTHER DISCOVERABLE MATERIALS:

    A.  The Attorney General takes the position that with respect to discovery of electronic documents, certain technical matters regarding the functioning and capabilities of

Drug Enforcement Agency (DEA) systems are privileged, and, in some circumstances at least, such information may be classified. Subject to privilege and classification objections, the Attorney General, by and through his counsel and other representatives, will utilize best efforts to disclose all material relevant or responsive to discovery requests in this case. Both parties reserve their rights to seek any and all discovery to which they are entitled under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia.

      B.      The parties have conferred regarding the production of electronically stored information (ESI) and plan to file a separate stipulation addressing the production of ESI.

10.      ASSERTION OF PRIVILEGES AND PROTECTIONS OR TRIAL PREPARATION MATERIALS:

      Assertion of Privilege or Protections of Trial Preparation Materials: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Rule 26(b)(5) together with the written response to a request for documents. The privilege logs shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. Privilege logs shall not be required for documents generated after the commencement of this action in federal court on June 26, 2013.

      Inadvertent Productions: The inadvertent production of documents or information which the producing party contends is privileged or protected shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

11.      SERVICE OF PLEADINGS, MOTIONS OTHER PAPERS AND DISCOVERY REQUESTS AND RESPONSES: All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules. In addition, the parties

agree that they may serve by email all discovery requests and written responses and any other papers that are not filed.

12. SETTLEMENT: The parties submit that a settlement conference, if any is held, will be scheduled prior to the pretrial conference.

13. COMPLETION OF DISCOVERY: The parties agree that all discovery shall be concluded on or before March 14, 2014, prior to the Final Pretrial Conference on March 20, 2014.

14. TRIAL BEFORE MAGISTRATE: The parties do not consent to the trial of this matter by a United States Magistrate Judge.

Respectfully Submitted,


_____/s/_____
Bradford Hardin (#76812)
Eric Mahr (*pro hac vice*)
Randall Weinsten (*pro hac vice*)
Greg Butler (*pro hac vice*)
Amy Kaplan
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
bradford.hardin@wilmerhale.com
eric.mahr@wilmerhale.com

*Counsel for the Plaintiff*


DANA J. BOENTE
ACTING UNITED STATES ATTORNEY


_____/s/_____
AYANA N. FREE
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:    (703) 299-3785
Fax:                (703) 299-3983
Email:            ayana.free@usdoj.gov

DATED:  November 27, 2013        *Counsel for the Defendant*