Exhibit 2



**U.S. Department of Justice**
**United States Attorney**
**Eastern District of Virginia**

*2100 Jamieson Avenue*                                                    *Telephone: (703) 299-3785*
*Alexandria, Virginia 22314*                                            *Facsimile: (703) 299-3983*

April 2, 2014

Greg Butler, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

<u>**VIA ELECTRONIC MAIL**</u>

      **Re:**    **Gilmore v. Holder, Civil No. 1:13-cv-789 (LMB/IDD)**

Dear Mr. Butler:

      We received your letters of March 20, 2014 and April 1, 2014 regarding the Defendant's 30(b)(6) responses. Below are further objections and responses to the 30(b)(6) topics. These responses take into consideration the Defendant's previous productions, the parties' telephonic meet and confers, as well as the Court's rulings and guidance from Magistrate Judge Davis on February 24, 2014.

      Defendant previously served objections to Plaintiff's 30(b)(6) Deposition Requests on February 24, 2014. As discussed during the meet and confer on March 19, 2014, the Defendant will not designate witnesses where the requested policies or procedures have been produced.

      Without waiving our objections, please find enclosed a zip file containing documents responsive to Plaintiff's 30(b)(6) Deposition Topics. Defendant's investigation and search for responsive information is continuing. Defendant expressly reserves the right to rely in this action on subsequently discovered information and produce additional responsive documents or information. The zip file includes documents in Appendices A-B. These documents will also be produced with DEA prefix bates-stamps in an upcoming production.

      Below are our further objections and responses to the 30(b)(6) deposition topics:

    1.      *The manner or method in which the Drug Enforcement Administration ("DEA") maintains personnel files/dossiers on its employees, including: (a) the location of those records; (b) the format in which those records are maintained; (c) the policies and practices governing retention / destruction of such records, (d) the*

*scope of the information contained in those records (e.g., the kinds of information maintained, the length of time such information is maintained).*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated during the March 19, 2014 telephonic meet and confer that this topic was overly broad. Plaintiff's counsel agreed to send a follow-up letter specifying the areas for deposition regarding this topic. Defendant's counsel agreed to discuss again after receiving the letter. This topic was discussed again during a call on April 1, 2014, during which Plaintiff's counsel indicated that Defendant's production of personnel data was a sufficient response.

2.   *DEA hiring and promotion practices, including:*

   a.   *The manner or methods used for making employment selections (via promotion, lateral transfer, or any other means) for positions at the level of Senior Executive Service from the time period January 1, 2002 to present.*

   b.   *The manner or methods used for making employment selections (via promotion, lateral transfer, or any other means) for positions at the level of GS-15 from the time period January 1, 2002 to present.*

   c.   *The manner or methods used for selecting individuals to serve on any Career Board relevant for selecting individuals for positions at either the GS-15 or Senior Executive Service levels.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated besides the depositions that have or will be taken, Defendant's would stand on its objections.

3.   *From 2002 through 2009, the DEA's Best Qualified, Qualified, and Minimally Qualified, or similar Lists for the Senior Executive Service, including the way in which the Lists were generated and what an employee's inclusion on the Lists meant.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated during the March 19, 2014 meet and confer that would stand on our production of the BQL, QL and ML lists. Plaintiff's counsel indicated that they had not seen this information and we agreed to check our production and provide the relevant bates-stamps. We produced this information as an appendix to a letter response and in a subsequent production, bates-stamped DEA-00001915 - DEA-00001923. *See also* the SES Handbook provided during the Report of Investigation ("ROI"), Exhibit G from Defendant's dispositive motion exhibits. In further response to Plaintiff's March 20, 2014 letter, Defendant will produce a 30(b)(6) representative from its HR department regarding the DEA lists generated for the Senior Executive Service selection, tentatively scheduled for April 3, 2014.

4.   *The manner or method in which the DEA maintains and/or preserves any and all documents or files, stored electronically or otherwise.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated that this was too broad to discuss a response. Plaintiff's counsel agreed to send a follow-up letter specifying the areas for deposition regarding this topic. Defendant's counsel agreed to discuss again after receiving the letter. Produced herewith is a copy of the DEA's Records Retention and Disposition Schedule which sets out the DEA records management policy, Appendix A. In further response to Plaintiff's March 20, 2014 letter, Defendant will produce a 30(b)(6) representative from its IT department regarding its storage and preservation of ESI at an upcoming deposition, tentatively scheduled for April 3, 2014.

5.   *The manner or method in which the DEA maintains data related to its employees in the ordinary course of the DEA's business, including (a) the kind of data that is maintained; (b) the location of that data; (c) the frequency with which such data is compiled; and (d) any and all statistical analyses undertaken based on this information, on either an ad hoc or regular basis.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated that this was too broad to discuss a response. Plaintiff's counsel agreed to send a follow-up letter specifying the areas for deposition regarding this topic. Defendant's counsel agreed to discuss again after receiving the letter.

According to your March 20, 2014, Plaintiff is requesting 30(b)(6) testimony regarding data, including but not limited to, related to race, employment actions, the EEO process, and composition of the GS-15 and SES level special agent workforce. Defendant objects to this request as irrelevant to the issues in this case, which involves only one promotion and two requested lateral transfers. However, if you can refine your request to limit it to information relevant to the claims in this case, we may reconsider our position.

6.   *The DEA's process for identifying, searching for, and gathering documents responsive to, or used in responding to, Plaintiff's Discovery Requests served pursuant to Fed R. Civ. P. 33, 34, and 36.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated that this was answered by our letter in response to plaintiff's counsel's production letter. Plaintiff's counsel indicated that they would prefer, in additional to counsel's own representations about the process, a 30(b)(6) witness who could testify about the IT aspects of the document production.

7.    *The operations and structure of the DEA's EEO Office ("EEO Office"), including (a) the EEO Office's organizational structure, and (b) the manner or methods in which it handles EEO claims.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel indicated Plaintiff may seek to depose Mr. Allen regarding its EEO questions but defendant's counsel objected on the grounds of relevance. Defendant has since produced all the documents in Mr. Allen's files, bates-stamped DEA-00001744 - DEA-00001872. Additionally, Plaintiff has deposed Ms. Smith. With regards to the manner or methods in which the EEO Office handles it claims, those procedures are governed by 29 C.F.R. 1614 and Management Directive 110, available on the web at: http://www.eeoc.gov/federal/directives/md110.cfm.


8.    *DEA's documentation of policies, procedures, and guidelines arising out of or promulgated pursuant to any of the Court's orders in Segar v. Holder, Civ. A. No. 77-0081 (EGS) (D.D.C.) or to any orders of any appellate court issued in that case.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel stood on its objection and further objected to the expansive time period beyond the finite period indicated by Judge Davis during the motion to compel hearing.


9.    *Complaints related to race discrimination or harassment made either through formal processes such as EEO or human resources processes, or informally including to management or coworkers.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel further objected to the expansive time period beyond the "similarly situated" complaints indicated by Judge Davis during the motion to compel hearing. Notwithstanding, Defendant's counsel agreed to produce a supplemental response to the interrogatories, where applicable.


10.   *The DEA's policies or practices concerning transfers of DEA employees from the DEA's headquarters to other DEA divisions.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel agreed to produce the DEA's transfer policy. Produced herewith is a copy of the portion of DEA's personnel manual which sets out the DEA evaluation policy, Appendix B.

11.   *The number of transfers that occurred from 2006 through 2009 from the DEA's headquarters to other divisions, the number of those transfers where the DEA employee requested that a transfer occur, and the number of those transfers that were initiated at the DEA's request.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel refers Plaintiff's counsel to its answer to Topic 10.

12.   *The DEA evaluation process, including policies and procedures regarding how often reviews are to be given, by whom, how they are presented to the employee and to their supervisors, the basis for the review, the impact and uses of the review by the DEA, and the roles of the Rating Official and the Reviewing Official.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant has since produced a copy of the portion of DEA's personnel manual which sets out the DEA evaluation policy, as well as the instructions given to supervisors when the DEA changed the performance evaluation period from a calendar year to a fiscal year, bates-stamped DEA-00001721 - DEA-00001726.

13.   *The DEA's policies and practices regarding employee compensation at the GS-15 and Senior Executive Service levels, including how salaries, salary adjustments, and discretionary bonuses are determined, and how pension benefits are calculated.*

**Objections and Meet and Confer Response:** In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, the parties agreed that plaintiff may seek to depose an HR person, whom defendant's counsel will designate regarding employee compensation at the GS-15 and SES levels. Defendant will produce a 30(b)(6) representative from its HR department regarding employee compensation at the Senior Executive Service level, and the manner in which the salary of a DEA Agent promoted to the SES from a General Schedule position is determined at an upcoming deposition, tentatively scheduled for April 3, 2014. Defendant further objected to designating a witness to discuss the OPM information or policies otherwise available from that agency, and to testimony regarding determination of pay for General Schedule employees, as your client made no complaint regarding his GS grade or step.

14.   *DEA employee pension and retirement benefits, including eligibility requirements, mandatory retirement rules, credible federal service, computation of employee and matching contributions, computation of benefits including Thrift Saving Plan and Social Security benefits, and survivor benefits.*

**Objections and Meet and Confer Response**: In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, the parties agreed that Plaintiff may seek to depose an HR person, whom defendant's counsel will designate. Defendant further objected to designating a witness to discuss the SSA or OPM information or policies otherwise available from those agencies.

15.  *Mr. Gilmore's duties, responsibilities, and job performance as Deputy Chief Inspector, Office of Security Programs, between October 2005 and January 2008.*

**Objections and Meet and Confer Response**: In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant further objected, stating that Defendant produced Mr. Gilmore's position description and Plaintiff has already deposed both of Mr. Gilmore's former supervisors, Messrs. Guevara and Kasson, regarding this topic.

16.  *The duties and responsibilities of the SES-level Deputy Chief Inspector, Office of Security Programs, during the time the position was held by Barbara Roach.*

**Objections and Meet and Confer Response**: In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant further objected, Defendant has produced the SES DCI position description, bates-stamped DEA-00001910 - DEA-00001911.

17.  *Mr. Gilmore's application for promotion to the Senior Executive Service ("SES") in 2003.*

**Objections and Meet and Confer Response**: In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel will stand on this objection.

18.  *Mr. Gilmore's qualifications for promotion to the SES between July 1, 2003 and March 28, 2008, including but not limited to Mr. Gilmore's qualifications to fill the SES-level position of Deputy Chief Inspector, Office of Security Programs, as of October 18, 2007.*

**Objections and Meet and Confer Response**: In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel will stand on this objection.

19.   *The decision-making process that led to the selection of Barbara Roach to fill the SES level position of Deputy Chief Inspector, Office of Security Programs, on October 18, 2007, including but not limited to the individuals involved in the decision-making process, any procedures followed in the decision-making process, the individuals recommended for the position to then-Deputy Administrator Leonhart, the individuals recommended for the position to then-Administrator Tandy, the reasons Barbara Roach was selected to fill the position, and the reasons Mr. Gilmore was not selected to fill the position.*

**Objections and Meet and Confer Response:**  In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant further objected, stating that has had or will have the opportunity to depose Administrators Michelle Leonhart and Karen Tandy, as well as both of plaintiff's former supervisors, Messrs. Guevara and Kasson; their testimony will be sufficient to answer this topic.  Defendant's counsel will stand on this objection.

20.   *The decision-making process that led to the selection of Karen Marrero to fill the position of Career Board Secretary in December 2007, including but not limited to the individuals involved in the decision-making process, any procedures followed in the decision- making process, the individuals considered for the position by the Assistant Administrator for Human Resources, the individuals considered for the position by the Career Board, the reasons Karen Marrero was selected to fill the position, and the reasons Mr. Gilmore was not selected to fill the position.*

**Objections and Meet and Confer Response:**  In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant further objected, stating that has had or will have the opportunity to depose Administrator Michelle Leonhart, as well as both of Chief Inspector Kasson, Catherine Kasch and Mark Mazzei; their testimony will be sufficient to answer this topic.  Defendant's counsel will stand on this objection.

21.   *The decision-making process that led to the selection of Scott Ando to fill the position of Assistant Special Agent in Charge of the Chicago Division in December 2007, including but not limited to the individuals involved in the decision-making process, any procedures followed in the decision-making process, the individuals considered for the position by Gary Olenkiewicz, the individuals considered for the position by the Career Board, the reasons Scott Ando was selected to fill the position, and the reasons Mr. Gilmore was not selected to fill the position.*

**Objections and Meet and Confer Response:**  In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant further

objected, stating that Plaintiff has had or will have the opportunity to depose Plaintiff's former supervisor, Chief Inspector Kasson, Gary Olenkiewicz and Mark Mazzei; their testimony will be sufficient to answer this topic.  Defendant's counsel will stand on this objection.

22.   *The decision-making process that led to the reinstitution of the position Associate Deputy Chief Inspector, Office of Professional Responsibility, and Mr. Gilmore's placement in that position in January 2008, including but not limited to the individuals involved in the decision-making process, any procedures followed in the decision-making process, the duties and responsibilities of the position, in particular in comparison to the duties and responsibilities of the already-existing position of Associate Deputy Chief Inspector, Office of Professional Responsibility, Mr. Gilmore's qualifications for the position, and whether any other individuals were considered for the position.*

**Objections and Meet and Confer Response:**  In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant further objected, stating that Plaintiff has had or will have the opportunity to depose Plaintiff's former supervisor, Chief Inspector Kasson, his testimony will be sufficient to answer this topic. Defendant's counsel will stand on this objection.

23.   *Mr. Gilmore's depo with the EEO Office, including but not limited to Mr. Gilmore's initial contact with the EEO Office regarding his complaint, then-Deputy Administrator Leonhart's knowledge of the complaint, then-Administrator Tandy's knowledge of the complaint, the impact of Mr. Gilmore's complaint on his requests to fill the positions of Career Board Secretary and Assistant Special Agent in Charge of the Chicago Division in December 2007, and the impact of Mr. Gilmore's complaint on his placement as Associate Deputy Chief Inspector, Office of Professional Responsibility, in January 2008.*

**Objections and Meet and Confer Response:**  In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Plaintiff's counsel stated that this topic was an error; they will review and revise.  We have not received any further clarification with regards to this topic.

24.   *The decision-making process used to fill the position of Country Attaché in Bangkok, Thailand when that position was upgraded to an SES-level position, including but not limited to the individuals involved in the decision-making process, any procedures followed in the decision-making process, the individuals considered for the position, the identity and qualifications of the individual selected to fill the position, and the reasons Andre Kellum was not selected to fill the position.*

**Objections and Meet and Confer Response:**  In addition to the objections to Plaintiff's 30(b)(6) Deposition Requests previously served on February 24, 2014, Defendant's counsel pointed to the interrogatory responses.  Defendant's counsel will stand on this objection.

Thank you for your attention to this matter.  Please feel free to contact me with any questions or concerns.

Very truly yours,

Dana J. Boente
Acting United States Attorney

By

Ayana N. Free
Assistant United States Attorney