```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division
```

| | |
|---|---|
| EDWARD L. GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13cv00789 (LMB/IDD) |
| | ) |
| ERIC HOLDER, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is defendant's Motion in Support of His Unopposed Motion to Seal [Dkt. No. 102], in which defendant seeks permission to file 20 exhibits submitted in support of his motion for summary judgment under seal.[1]

The public's guarantee of access under the First Amendment has been extended to certain judicial records and documents, including documents filed in support of a summary judgment motion. Stone v. Univ. of Md., 855 F.2d 178, 180 (4th Cir. 1988). The First Amendment right of access may only be overcome "on the basis of a compelling governmental interest." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004).

---

[1] Defendant's motion to seal specifically lists 19 exhibits (A, B, D, E, F, G, I, J, K, O, S, T, V, W, X, Y, DD, EE, and FF). In defendant's Exhibits Submitted in Support of Defendant's Motion for Summary Judgment, however, defendant indicates that he is also requesting permission to file Exhibit L under seal "Pursuant to the Stipulated Protective Order," and that exhibit is presently unavailable on the public docket. See Dkt. No. 105 at 2; Dkt. No. 105-12.

Before entering an order to seal, a district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Defendant bases his motion on the fact that the information he seeks to seal was designated during the discovery process as protected information under the Stipulated Protective Order [Dkt. No. 51] or is otherwise "sensitive information of third-parties, which should not be disclosed in the public record." Dkt. No. 103 at 2. This explanation is far from compelling and is insufficient to overcome the First Amendment right of access to judicial records. Virginia Dep't of State Police, 386 F.3d at 575; see also K.S. v. Ambassador Programs Inc., Civil Action No. 1:10cv00439, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010) (citing P & G v. Bankers Trust Co., 78 F.3d 219, 222, 225 (6th Cir. 1996)) (parties may not be allowed to determine on their own whether documents merit sealing). Specifically, defendant has made no reasonable effort to redact the documents he seeks to seal. From a review of the exhibits, it appears that only the names of third parties need to be redacted - all the remaining information is properly available to the public.

Accordingly, defendant's motion to seal [Dkt. No. 102] is DENIED, and it is hereby

ORDERED that defendant immediately file appropriately redacted versions of exhibits A-B, D-G, I-L, O, S-T, V-Y, and DD-FF on the public docket.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 28 day of April, 2014.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge