# CORRECTED EXHIBIT C

# REDACTED



1180 Peachtree St. NE, Suite 1900
Atlanta, GA 30309
404.575.3821  phone
404.575.4213  fax

April 15, 2014

Jeffrey Hantson, Esq.
Wilmer Cutler Pickering Hale & Dorr
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

RE: NAVIGANT EXPERT REPORT SUPPLEMENT IN THE MATTER OF EDWARD L. GILMORE V. ERIC HOLDER (IN HIS CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES)

Dear Mr. Hantson:

On February 26, 2014, Robert Hutchins and I submitted an expert report in the above referenced matter in order to assist the judge and/or jury in considering the amount of damages that may be due Mr. Gilmore as a result of the alleged actions of the Defendant (our "Initial Report").[1] New information has been produced in ongoing discovery since that time that affects the analyses performed and conclusions reached in our Initial Report related to the "Denial of Promotion Claim" damages. More specifically, deposition testimony from Pamela Horvath outlines a methodology for calculating Mr. Gilmore's salary had he been promoted to the SES level.[2] I have therefore been asked to provide supplementary analyses to evaluate the amount of damages that may be due Mr. Gilmore based on the methodology outlined by Ms. Horvath in her deposition. I have performed the following supplementary analyses in response to this request.

For purposes of this supplementary analysis, I calculate damages using the same methodology prescribed in the "Denial of Promotion Claim" damages calculation outlined in paragraphs 14-21 of our Initial Report. However, I revise Mr. Gilmore's but-for salary described in paragraphs 15-16 of our Initial Report to include information revealed during Ms. Horvath's deposition. More specifically, I add five to ten percent

---

[1] See Expert Report of Robert A. Hutchins and Andrew J. Ackel in the matter of Edward L. Gilmore v. Eric Holder (in his capacity as Attorney General of the United States) dated February 26, 2014.

[2] Ms. Horvath's testimony indicated that had Mr. Gilmore been promoted to the SES level, his salary would be based on his GS-15 salary plus an additional 5% to 10% (See Deposition Transcript (rough draft) of 30(b)(6) witness Pamela Horvath at pp. 16-17 and 21-23).

Jeffrey Hantson, Esq.
Wilmer Cutler Pickering Hale & Dorr

Page 2 of 2



(for the "low" and "high" values, respectively) to Mr. Gilmore's implied salary calculated in Exhibit 6.2 of our Initial Report to account for the raise he would have received had he been promoted to the SES level. I then increase his pay each year after his promotion according to year-over-year increases shown in Senior Executive Service Salary Tables from 2007 to 2011. This calculation is detailed in Exhibit 8.1.

Keeping all other data and assumptions the same as described in paragraphs 14-21 of our Initial Report, damages including prejudgment interest total between $154,805 and $199,856 for the Denial of Promotion Claim. The details of my calculations are attached as Exhibits 7.0 to 10.0. Additionally, I have attached an amended "Documents Considered" list that includes the additional information I have reviewed since the Initial Report as "Exhibit C Amended."

Regards,

*[signature]*

Andrew J. Ackel
on this Day, April 15, 2014

Attachment

EXHIBIT C AMENDED

# EDWARD L. GILMORE V. ERIC HOLDER

*DOCUMENTS CONSIDERED - AMENDED*

| Bates Range and/or Description |
|---|
| ELG00000009 - ELG00000020 |
| ELG00000036 - ELG00000047 |
| ELG00000049 |
| ELG00000100 - ELG00000108 |
| ELG00000449 - ELG00000456 |
| ELG00000983 - ELG00001046 |
| ELG00001196 - ELG00001197 |
| ELG00001207 |
| ELG00001317 - ELG00001346 |
| ELG00002166 |
| ELG00002176 - ELG00002181 |
| Complaint in the matter of Edward L. Gilmore v. Eric Holder in his capacity as Attorney General of the United States, filed 6/26/2013 |
| Responses to Plaintiff's First Set of Interrogatories, served January 24, 2014 |
| General Schedule and Senior Executive Service Salary Tables from 2007 to 2011, available at http://archive.opm.gov/oca/12tables/index.asp |
| Information regarding Ms. Roach's actual salary and bonus for 2008 to 2011, sent under protective order by Plaintiff's counsel |
| Treasury Yield Curve rates from http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yield |
| "Report on Senior Executive Pay and Performance Appraisal System for Fiscal Year 2009." United States Office of Personnel Management. July 2010. Available at https://www.opm.gov/policy-data-oversight/senior-executive-service/facts-figures/annual-data-reports/fy2009.pdf |
| National Vital Statistics Reports, Vo. 62, No. 7. (Jan. 6, 2014). Available at http://www.cdc.gov/nchs/data/nvsr/nvsr62/nvsr62_07.pdf |
| FERS Information computation - available at https://www.opm.gov/retirement-services/fers-information/computation#hi3 |
| Deposition Transcript (rough draft) of 30(b)(6) witness Pamela Horvath |
| Department of Justice Memorandum dated September 27, 2005 with subject: "Senior Executive Service (SES) Performance Appraisal, Performance Award (Bonus) and Pay Adjustment Policy for the Appraisal Period Ending September 30, 2005" |
| Department of Justice Memorandum dated August 11, 2006 with subject: "2006 Senior Executive Service Bonus and Pay Adjustment Policy" |
| Department of Justice Memorandum dated August 1, 2007 with subject: "2007 Senior Executive Service Bonus and Pay Adjustment Policy" |

EXHIBIT 7.0

# EDWARD L. GILMORE V. ERIC HOLDER

*DENIAL OF PROMOTION CLAIM*
*SUMMARY OF DAMAGES*
*-- Based on a 5% to 10% Raise per Horvath Testimony --*

|  | May 2011 - June 2014 | July 2014 - April 2033 | TOTAL |
|---|---|---|---|
| **Lost Income and Benefits**[1] | | | |
| High | $ 34,210 | $ 165,578 | $ 199,788 |
| Low | 25,907 | 128,848 | 154,755 |
| | | | |
| **Prejudgment Interest**[2] | | | |
| High | 68 | | 68 |
| Low | 50 | | 50 |
| | | | |
| **TOTAL DAMAGES** | | | |
| High | $ 34,278 | $ 165,578 | $ 199,856 |
| Low | $ 25,957 | $ 128,848 | $ 154,805 |

Notes:

[1] See Exhibits 8.0 and 9.0

[2] See Exhibit 10.0

EXHIBIT 8.0

# EDWARD L. GILMORE V. ERIC HOLDER

*DENIAL OF PROMOTION CLAIM*
*CALCULATION OF LOST INCOME*
*-- Based on a 5% to 10% Raise per Horvath Testimony --*

|  | Oct-Dec 2007 | 2008 | 2009 | 2010 | Jan-Apr 2011 | TOTAL |
|---|---|---|---|---|---|---|
| **But-for Income** | | | | | | |
| *Salary* [1] | | | | | | |
| High | $ 36,667 | $ 150,335 | $ 154,526 | $ 156,883 | $ 52,294 | $ 550,705 |
| Low | ■ | ■ | ■ | ■ | ■ | ■ |
| *Performance Reward* [2] | | | | | | |
| High | 3,337 | 13,680 | 14,062 | 14,276 | - | 45,355 |
| Low | ■ | ■ | ■ | ■ | ■ | ■ |
| **Total But-for Income** | | | | | | |
| High | 40,004 | 164,015 | 168,588 | 171,159 | 52,294 | 596,060 |
| Low | ■ | ■ | ■ | ■ | ■ | ■ |
| **Actual Income** | | | | | | |
| Actual Compensation[3] | ■ | ■ | ■ | ■ | ■ | ■ |
| Actual Retirement[4] | | ■ | ■ | ■ | ■ | ■ |
| **Total Actual Income** | ■ | ■ | ■ | ■ | ■ | ■ |
| **LOST INCOME** | | | | | | |
| High | $    - | $    - | $    - | $    - | $    - | $    - |
| Low | $    - | $    - | $    - | $    - | $    - | $    - |

Notes:

[1] See Exhibit 8.1

[2] Based on average performance reward range of 0%-9.1% from page 6 of the "*Report on Senior Executive Pay and Performance Appraisal System for Fiscal Year 2009*".   United States Office of Personnel Management. July 2010.  We assume there would have been no bonus in 2011 due to his retirement.

[3] Sources - 2007: ELG00001196-1197; 2008: total from  ELG00000020 and ELG00002166; 2009: ELG00000043-0045; 2010: ELG00001327-1331; 2011: ELG00000452-0453

[4] Sources - 2008: ELG00000999-1005; 2009: ELG00001030-1035; 2010: ELG00001317-1322; 2011: ELG00001323

EXHIBIT 8.1

# EDWARD L. GILMORE V. ERIC HOLDER

*DENIAL OF PROMOTION CLAIM*
*CALCULATION OF BUT-FOR SALARY* [1]
*-- Based on a 5% to 10% Raise per Horvath Testimony --*

|  | Oct-Dec 2007 | 2008 | 2009 | 2010 | Jan-Apr 2011 | TOTAL |
|---|---|---|---|---|---|---|
| **Beginning Salary**[2] | | | | | | |
| High | $ ■ | ■ | ■ | ■ | ■ | ■ |
| Low | ■ | ■ | ■ | ■ | ■ | ■ |
| **Pay Increase**[3] | | | | | | |
| High | 10.00% | 2.50% | 2.79% | 1.53% | 0.00% | |
| Low | 5.00% | 2.50% | 2.90% | 1.50% | 0.00% | |
| **But-for Salary**[4] | | | | | | |
| High | 36,667 | 150,335 | 154,526 | 156,883 | 52,294 | 550,705 |
| Low | ■ | ■ | ■ | ■ | ■ | ■ |

Notes:

[1] Methodology based on deposition testimony from 30(b)(6) witness Pamela Horvath who indicated that had Mr. Gilmore been promoted to the SES level, his salary would be based on his GS-15 salary plus an additional 5% to 10% (Deposition Transcript (rough draft) of 30(b)(6) witness Pamela Horvath at pp. 16-17 and 21-23).

[2] Amount for 2007 is based on the implied "High-3 Average Salary" of ■ calculated in Exhibit 6.2 and adjusted for the partial year. This is a conservative estimate for 2007 since it is based on a three-year average and not Mr. Gilmore's salary in 2007, which presumably would have been his highest full year's salary prior to his retirement. This estimate is also conservative considering Mr. Gilmore's reported W-2 wages (see ELG00001196-1197) for 2007. Amounts for 2008-2011 are equal to the "But-for Salary" from the previous year after adjusting for partial years where necessary.

[3] 2007 increases based on testimony from 30(b)(6) witness Pamela Horvath cited in Note 1 above. 2008-2011 increases based on year-over-year increases shown in Senior Executive Service Salary Tables available at http://archive.opm.gov/oca/12tables/index.asp

[4] Ending balance given by adding Pay Increase to Beginning Salary.

EXHIBIT 9.0

# EDWARD L. GILMORE V. ERIC HOLDER

*DENIAL OF PROMOTION CLAIM*

*CALCULATION OF LOST RETIREMENT BENEFITS*

*-- Based on a 5% to 10% Raise per Horvath Testimony --*

| | May-Dec 2011 | 2012 | 2013 | Jan-Jun 2014 | Jul-Dec 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **But-for Retirement Benefits**[1] | | | | | | | | | | | | | |
| High | $ 38,992 | $58,488 | $58,488 | $29,244 | $29,244 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 |
| Low | | | | | | | | | | | | | |
| **Actual Retirement Benefits**[2] | | | | | | | | | | | | | |
| **Lost Retirement Benefits** | | | | | | | | | | | | | |
| High | | | | | | | | | | | | | |
| Low | | | | | | | | | | | | | |
| **PV Factor**[3] | | | | | 0.9917 | 0.9674 | 0.9359 | 0.9053 | 0.8758 | 0.8473 | 0.8197 | 0.7929 | 0.7671 |
| **PV of Lost Retirement Benefits** | | | | | | | | | | | | | |
| High | $ 4,660 | $11,820 | $11,820 | $ 5,910 | $ 5,861 | $11,435 | $11,062 | $10,701 | $10,352 | $10,015 | $ 9,689 | $ 9,372 | $ 9,067 |
| Low | $ | | | | | | | | | | | | |

Notes:

[1] See Exhibit 9.1; Assumes Mr. Gilmore would have retired at the end of April 2011 and based on a life expectancy of 79.3 years would have continued to receive his annual retirement income until April 2033.

[2] 2011: ELG00001323; 2012 and forward based on annual 2012 benefits per ELG00001207

[3] Calculated using the half-year convention and current 20 year CMT rate of 3.37% (as of 2/25/14) discounted to estimated trial date of June 30, 2014

EXHIBIT 9.0

# EDWARD L. GILMORE V. ERIC HOLDER

## *DENIAL OF PROMOTION CLAIM*
## *CALCULATION OF LOST RETIREMENT BENEFITS*
*-- Based on a 5% to 10% Raise per Horvath Testimony --*

|  | 2023 | 2024 | 2025 | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032 | Jan-Apr 2033 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **But-for Retirement Benefits** [1] | | | | | | | | | | | | |
| High | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $58,488 | $19,496 | $1,286,736 |
| Low | | | | | | | | | | | | |
| **Actual Retirement Benefits** [2] | | | | | | | | | | | | |
| **Lost Retirement Benefits** | | | | | | | | | | | | |
| High | | | | | | | | | | | | |
| Low | | | | | | | | | | | | |
| **PV Factor** [3] | 0.7421 | 0.7179 | 0.6945 | 0.6718 | 0.6499 | 0.6287 | 0.6083 | 0.5884 | 0.5692 | 0.5507 | 0.5386 | |
| **PV of Lost Retirement Benefits** | | | | | | | | | | | | |
| High | $8,772 | $8,486 | $8,209 | $7,941 | $7,682 | $7,431 | $7,190 | $6,955 | $6,728 | $6,509 | $2,122 | $199,788 |
| Low | | | | | | | | | | | | |

Notes:

[1] See Exhibit 9.1; Assumes Mr. Gilmore would have retired at the end of April 2011 and based on a life expectancy of 79.3 years would have continued to receive his annual retirement income until April 2033.

[2] 2011: ELG00001323; 2012 and forward based on annual 2012 benefits per ELG00001207

[3] Calculated using the half-year convention and current 20 year CMT rate of 3.37% (as of 2/25/14) discounted to estimated trial date of June 30, 2014

EXHIBIT 9.1

# EDWARD L. GILMORE V. ERIC HOLDER

*DENIAL OF PROMOTION CLAIM*
*CALCULATION OF BUT-FOR RETIREMENT BENEFITS*
*-- Based on a 5% to 10% Raise per Horvath Testimony --*

**"High-3 Average Salary"[1]**
| | |
|---|---|
| High | $ 153,915 |
| Low | ▮ |

**First 20 Years of Service[2]**
| | |
|---|---|
| High | 52,331 |
| Low | ▮ |

***PLUS*** **Final 4 Years of Service[3]**
| | |
|---|---|
| High | 6,157 |
| Low | ▮ |

**Annual But-for Retirement Benefits**
| | |
|---|---|
| **High** | $ 58,488 |
| **Low** | $ ▮ |

Notes:

[1] Calculated from but-for salary data in Exhibit 8.0 using the methodology prescribed in https://www.opm.gov/retirement-services/fers-information/computation#hi3 and using 2008-2010 as the representative years

[2] 20 Years (April 1987 - March 2007) multiplied by 1.7% per the methodology cited in Note 1

[3] 4 years (April 2007 - March 2011) assuming Mr. Gilmore retires in April 2011 multiplied by 1% per the methodology cited in Note 1

# EDWARD L. GILMORE V. ERIC HOLDER

*DENIAL OF PROMOTION CLAIM*
*CALCULATION OF PREJUDGMENT INTEREST*
*-- Based on a 5% to 10% Raise per Horvath Testimony --*

|  | *Lost Benefits* | | | | |
|---|---|---|---|---|---|
|  | May-Dec 2011 | 2012 | 2013 | Jan-Jun 2014 | TOTAL |
| **Beginning Balance** | | | | | |
| High | ■ | ■ | ■ | ■ | |
| Low | ■ | ■ | ■ | ■ | |
| **Lost Income and Benefits**[1] | | | | | |
| High | ■ | ■ | ■ | ■ | ■ |
| Low | ■ | ■ | ■ | ■ | ■ |
| **Interest Rate**[2] | 0.18% | 0.17% | 0.13% | 0.11% | |
| **Prejudgment Interest on Beginning Balance**[3] | | | | | |
| High | $ ■ | ■ | ■ | ■ | ■ |
| Low | - | ■ | ■ | ■ | ■ |
| **Prejudgment Interest on Current Year Lost Income and Benefits**[4] | | | | | |
| High | $ ■ | ■ | ■ | ■ | ■ |
| Low | ■ | ■ | ■ | ■ | ■ |
| **Total Prejudgment Interest** | | | | | |
| **High** | $ ■ | ■ | ■ | ■ | ■ |
| **Low** | $ ■ | ■ | ■ | ■ | ■ |
| **Ending Balance** | | | | | |
| High | $ ■ | ■ | ■ | ■ | |
| Low | ■ | ■ | ■ | ■ | |

Notes:

[1] See Exhibits 8.0 and 9.0

[2] 1 year CMT for 2007-2013. The current 1 year CMT was used for 2014 (as of 2/24/14).

[3] Equal to the Beginning Balance times the Interest Rate for the relevant period (e.g., 2008).

[4] Equal to the Current Year Lost Income and Benefits times the Interest Rate times 0.5.