# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDWARD L. GILMORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 1:13-cv-789 (LO/IDD)<br>ERIC HOLDER, )<br>in his official capacity as )<br>Attorney General of the United States, )<br>)<br>Defendant. )<br>_____) | |

### DECLARATION OF STEPHANIE R. SMITH

I, Stephanie R. Smith, make this declaration pursuant to 28 U.S.C. § 1746. I declare as follows:

1. I make the factual statements herein based on personal knowledge and on information provided to me during my employment with the U.S. Department of Justice, Drug Enforcement Administration ("DEA"). If called as a witness, I could and would competently testify to the factual statements herein.

2. I began my employment with the DEA in September 2005 where I served as the full-time EEO Counselor until early 2008. From 2008 until May 2013, I served as an EEO Specialist and Mediator Coordinator wherein my duties included managing the mediation program and processing formal complaints. In May 2013, I left the DEA to pursue employment at another federal agency.

3. Since May 2013, I have served in my present position as Complaints Manager at the National Credit Union Administration in Alexandria, Virginia.

4. I describe below the general EEO intake process which existed at the time I was the EEO Specialist as well as my specific session with Mr. Gilmore.

## EEO INTAKE PROCESS GENERALLY

5. I was the only full-time EEO counselor at the DEA's EEO office in Washington, D.C. during December 2007, but there were several collateral duty EEO counselors. My duties included advising DEA employees about the EEO process, providing EEO guidance to DEA employees, processing initial EEO interviews, and conducting EEO counseling.

6. Employees seeking EEO counseling or advice were able to contact me directly or through the main DEA EEO office telephone number. Then DEA EEO Counselor Coordinator, Lynn Coffman, assigned incoming cases received to available EEO counselors.

7. I kept a detailed appointment schedule on a monthly desk calendar. I discarded these hard copy calendars when I concluded my employment at the DEA. I did not keep an electronic calendar of my appointments.

8. The EEO Office does not notify management or supervisors of an informal complaint prior to the initial interview. Once the initial interview has been conducted and the employee has signed the form explaining his or her rights and responsibilities during the EEO process, the EEO office may notify management at that time that a complaint has been filed.

9. At the time of my departure, it was standard practice to send a written notice to upper management, such as the Special Agent in Charge of the respective division, after the initial EEO interview. The written notice notifies upper management that an informal EEO complaint has been raised, identifies the management official (as named), and states the remedies requested for resolution.

10. When there are potential conflicts of interest, the EEO Office refers cases to the Justice Management Division which then assigns the case to another agency. Once the case is assigned to another agency, that agency's EEO staff processes the case from start to finish. The DEA EEO office is no longer involved.

## DECEMBER 13, 2007 EEO COUNSELING SESSION

11. I understand that retired Special Agent Edward Gilmore has alleged that he was discriminated against in SES promotion and lateral hiring decisions.

12. I recall Mr. Gilmore scheduled an appointment and we had his initial EEO counseling session on December 13, 2007.

13. Prior to Mr. Gilmore's appointment on December 13, 2007, I did not notify his supervisors or DEA management of the scheduled meeting or the subject of his potential complaint.

14. On December 13, 2007, Mr. Gilmore and I had a brief EEO session. During the meeting, I explained the overall EEO process and Mr. Gilmore's rights and responsibilities. We discussed the initial intake documents, including a rights and responsibilities form, waiver of his anonymity, EEO counseling election form, and an extension of time request to conduct a final EEO interview later. Attached as Exhibit 1 are the initial EEO counseling forms signed and dated from that meeting.

15. Mr. Gilmore's claims included allegations about the Deputy Administrator who was my second-line supervisor. I remember telling Mr. Gilmore that the DEA EEO Office would not be able to process the claim due to a potential conflict of interest. Subsequent to the brief meeting with Mr. Gilmore, I informed my supervisor, Oliver Allen, of the potential

3

conflict. Per protocol, the Justice Management Division was contacted and Mr. Gilmore's case was referred to an EEO counselor from another agency within the Department of Justice.

16.    The Exhibit 1 documents were included in Mr. Gilmore's EEO Counselor's report and would have been part of the file transferred to the agency handling his complaint.

I declare under penalty of perjury that the foregoing is true and correct to my knowledge. Executed this 1st day of November, 2013.

*Stephanie R. Smith*
STEPHANIE R. SMITH

# EXHIBIT 1

Case 1:13-cv-00899-MBH DDD Document 128-4   Filed 05/09/14   Page 6 of 13 PageID# 2902

# ELECTION NOTICE

## AGE DISCRIMINATION COMPLAINTS

The Age Discrimination in Employment Act (ADEA) prohibits discrimination in employment on the basis of age (**40 years of age or older**). If you are alleging discrimination on the basis of age, you have the option of electing the following:

Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. § 1614.201 state in part:

> As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action. Such notice must be filed in writing with EEOC, Federal Sector Programs, 1801 L St., N.W., Washington, DC 20507 within 180 days of the occurrence of the alleged unlawful practice.

The 30-day notice may also be hand-delivered to EEOC Headquarters or sent facsimile to: (202) 663-7022.

Based on the above, I, __Edward L. Gilmore__ (Aggrieved) acknowledge that the EEO Counselor has advised me of my options of either filing a formal complaint of age discrimination under 29 C.F.R. Part 1614, or bypassing the administrative complaint process in Part 1614 and filing a civil action directly in an appropriate U.S. District Court.

_[signature]_ 12/13/07
(AGGRIEVED PARTY)   DATE

_[signature]_ 12/13/07
EEO COUNSELOR   DATE

000043

# ALTERNATIVE DISPUTE RESOLUTION (ADR) ELECTION FORM

I, __Edward L. Gilmore__, have been advised by the EEO Counselor, *in writing*, of the existence of the Drug Enforcement Administration's **ALTERNATIVE DISPUTE RESOLUTION (ADR)** program, how the ADR program works, of my right to choose between the ADR process or EEO Counseling, if the agency agrees to offer ADR in my particular case, and of my right to file a formal complaint if ADR does not result in resolution of my claim(s) of discrimination. I also understand that if the agency does not agree to offer ADR in my case, I may proceed with EEO Counseling.

| I choose to elect **ALTERNATIVE DISPUTE RESOLUTION** to resolve my claim(s) of discrimination: | I choose to elect **EEO COUNSELING** to resolve my claim(s) of discrimination: |
|---|---|
| _____ AGGRIEVED PARTY | *[signature]* AGGRIEVED PARTY |
| _____ EEO COUNSELOR | *[signature]* EEO COUNSELOR |
| _____ DATE | 12/13/07 DATE |

**BRIEF DESCRIPTION OF CLAIM(S) OF DISCRIMINATION:**

Non-promotion to the SES level since 2003, and being rotated out of his current position which has been upgraded to the SES level.

**BASIS(ES) OF DISCRIMINATION:** Race (African American), Age (D.O.B. 1954), and Sex (Male)

**REMEDY(IES) SOUGHT:** (1) Retroactive promotion into an SES position (effective 2003) and award backpay applicable towards AP's pension.

**TITLE:** Deputy Chief Inspector    **SERIES:** GS-1811    **GRADE:** 15

**LOCATION:** – Headquarters- Office of Security Programs – Arlington, Virginia

# Memorandum



| Subject | Date |
|---|---|
| AUTHORIZATION FOR EXTENSION OF EEO COUNSELING | December 13, 2007 |

| To | From |
|---|---|
| Stephanie R. Smith<br>EEO COUNSELOR | Edward L. Gilmore<br>AGGRIEVED PARTY |

This is to certify that in accordance with 29 Code of Federal Regulations, Part 1614.105(e), I have agreed to postpone the final interview and extend the EEO counseling beyond the 30-day period, which ended on <u>January 12, 2008</u>.

Based on our discussions, I have agreed to extend the counseling period up to an additional 60 days, which will require you to conduct the final interview with me on or before <u>March 12, 2008</u>.

NOTE:  REGULATIONS PROVIDE THAT COUNSELING MAY NOT BE EXTENDED FOR MORE THAN 60 ADDITIONAL DAYS.

# Memorandum



**Subject**

WAIVER OF RIGHT TO ANONYMITY

**Date**

December 13, 2007

**To**

Stephanie R. Smith
EEO COUNSELOR

**From** *Edward L. Gilmore*

Edward L. Gilmore
AGGRIEVED PARTY

I understand that I have the right to have the EEO Counselor refrain from revealing my identity; however, I waive my right to anonymity during the EEO counseling informal complaint stage.

000046

# Memorandum



| Subject | Date |
|---|---|
| DESIGNATION OF EEO REPRESENTATIVE | December 13, 2007 |

To
Stephanie R. Smith
EEO COUNSELOR

From
Edward L. Gilmore
AGGRIEVED PARTY

I understand that I have the right to be represented by a Representative at any stage in the complaint process, including the EEO counseling stage; however, I do not desire to designate a Representative at this time.

I am designating the individual identified below as my EEO Representative:

NAME: _____

ADDRESS: _____
_____
_____

PHONE: _____

000047

# EEO RIGHTS AND RESPONSIBILITIES

*AT THE INITIAL COUNSELING SESSION, EEO COUNSELORS MUST ADVISE INDIVIDUALS, IN WRITING, OF THEIR RIGHTS AND RESPONSIBILITIES. THOSE RIGHTS AND RESPONSIBILITIES INCLUDE THE FOLLOWING:*

## RIGHTS:

1. The right to remain anonymous during the counseling phase of the complaint process, unless waived, in writing. Anonymity ends when you file a formal complaint.

2. The right to representation throughout the complaint process, including the counseling stage. **The EEO Counselor acts strictly as a neutral in the EEO process and cannot serve as your representative.**

3. The right to choose between the Agency's **ALTERNATIVE DISPUTE RESOLUTION (ADR)** process or EEO counseling, where the Agency agrees to offer ADR in the particular case.

4. If you have agreed to participate in the Agency's ADR program, you have the right to receive written notice terminating the counseling period: (a) upon completion of the ADR process or, (b) within ninety (90) calendar days of initial contact with the EEO Counselor, whichever is earlier.

5. The right to be advised, **in writing,** by the EEO Counselor: (a) of the existence of the agency's ADR program, (b) how the agency ADR program works, (c) of the opportunity for individuals to participate in the ADR program where the agency agrees to offer ADR in a particular case, (d) of the individual's choice to choose between participation in the ADR program or traditional EEO counseling, and (e) of the individual's right to file a formal complaint if ADR does not result in resolution

6. If EEO counseling is chosen, you have the right to receive, in writing, within **30 days** of the initial counseling contact, the Notice of Final Interview informing you of your right to file a formal complaint within **15 days** of receipt of the Notice; the appropriate agency official with whom to file your formal complaint; and your duty to immediately inform the agency if you retain legal counsel or a representative. With your agreement, the EEO Officer can extend the counseling period for an additional **60 days.**

7. The right to amend a formal complaint that you have filed with the Agency at any time prior to the conclusion of the investigation. The amendment must contain issues or claims like or related to those raised in the initial formal complaint.

8. The right to be advised in writing by the Agency in its acknowledgement of receipt of your complaint or amendment to a complaint, of the EEOC office and its address where a request for a hearing is to be sent, the name and address of the Agency official to whom you must send a copy of your hearing request, and your duty to certify to the EEOC Administrative Judge, that you provided the Agency with a copy of your hearing request.

000045

3

## RESPONSIBILITIES:

22. The responsibility to file a complaint of discrimination within **15 days** of receipt of the Notice of Fir Interview. **The EEO Counselor cannot file the complaint for you.**

23. The responsibility to adhere to all time frames in the complaint process.

24. The responsibility to cooperate fully in the processing of your filed complaint by providing requeste information or sworn testimony.

25. The responsibility that only those claims raised at the counseling stage, or claims that are like or relatec those claims raised at the counseling stage, be the subject of your formal complaint.

26. The responsibility to keep the agency and EEOC informed of your current mailing address, and to serve copies of any appeal papers on the appropriate agency head.

27. The responsibility to mitigate damages in the event of an award of back pay.

## ACKNOWLEDGEMENT OF RECEIPT

_____   12/13/07
AGGRIEVED PARTY                         DATE

_____   12/13/07
EEO COUNSELOR                          DATE