**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| | ) | |
| EDWARD. L. GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-789 |
| | ) | (LMB/IDD) |
| | ) | |
| ERIC HOLDER, | ) | |
| in his official capacity as | ) | |
| Attorney General of the United States | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO EXCLUDE THE TESTIMONY OF DEFENDANT'S DAMAGES EXPERT**

I.      **INTRODUCTION**

In his opening motion, Plaintiff Edward Gilmore ("Mr. Gilmore" or "Plaintiff")

established that the testimony of the defendant's ("DEA" or "Defendant") damages expert, Mr.

Lesch, should be excluded (1) because his opinions are set forth in an untimely disclosed report

and (2) because the methodology he uses to calculate damages is unreliable and has repeatedly

been rejected by courts in discrimination cases.  In its Opposition, the DEA fails to overcome

either basis for excluding Mr. Lesch's testimony.

1

II.     **THE PARTIES' AGREEMENT TO MODIFY THE JOINT DISCOVERY PLAN DOES NOT REMEDY THE DEA'S UNTIMELY SERVICE OF ITS DAMAGES EXPERT REPORT.**

The DEA's attempt to submit its damages expert report six weeks after it was due, under the guise of a response to a supplement to Mr. Gilmore's damages expert that was only necessitated by the DEA's delay in providing relevant discovery, should be rejected.

The timeline is compelling: The DEA missed its March 10, 2014 deadline to respond to Mr. Gilmore's initial expert report on damages ("Gilmore Damages Report").  Despite Mr. Gilmore having requested discovery concerning DEA salary and benefit information in a February 24, 2014 Rule 30(b)(6) deposition notice, the DEA only designated a representative to testify on these issues very near the close of discovery.  In order to take into account this relevant information disclosed in the eleventh hour, the parties agreed that Mr. Gilmore could supplement his expert report, and that the DEA could rebut *that supplement*.  On April 15, 2014, Mr. Gilmore served his supplement ("Gilmore Supplemental Report"), and on April 21, 2014, the Defendant served its first and only expert report ("DEA Expert Report"), attempting to slip in a response to *the entirety of* Mr. Gilmore's initial expert report.

The scope of the parties' agreement to modify the Joint Discovery Plan was to allow Mr. Gilmore's expert to supplement his report based on the new information provided by the DEA, and for the DEA to respond to the supplement.  Plaintiff's Unopposed Motion to File Joint Stipulation Amending Parties' Joint Discovery Plan (ECF No. 89).  The DEA's Expert Report, however, does not respond solely or even primarily to new opinions and information disclosed in the Gilmore Supplemental Report.  The DEA Expert Report responds, for the *first* time, to the Plaintiff's methodology for calculating damages in this case—information that was in the Defendant's possession for over two months before the DEA submitted its expert report.  For example, the DEA Expert Report challenges the low end of the range of damages to which Mr.

Gilmore's damages expert opines that Mr. Gilmore would be entitled for his failure to promote claim. *See* Defendant Expert Report, ¶ 21(Exh. 5 Plaintiff's Motion to Exclude Defendant's Damages Expert) ("the 'low' scenario incorrectly assumes Mr. Gilmore earned what his replacement, Ms. Roach, earned"). This methodology was disclosed in the initial expert report submitted by Mr. Gilmore's damages expert, (s*ee* Gilmore Damages Report, ¶ 15 (Exh. 1 Plaintiff's Motion to Exclude Defendant's Damages Expert), but was not addressed at all in the Gilmore Supplemental Report.

The DEA argues, without support, that because the Gilmore Supplemental Report relies on the same methodology as Mr. Gilmore's initial damages expert report, it is entitled to rebut both the supplemental and initial reports. Opp'n. at 3-4 (ECF No. 126). Under the DEA's theory, any party could miss a deadline or specifically choose not to serve an expert disclosure when due, and in order to create an opportunity to serve its report later, to hold back discovery relevant to its opponent's expert reports to try to force supplementation and a second chance to respond. This would only encourage gamesmanship with respect to expert discovery, which has long been rejected by this court. *Cf. See Disney Enterprises, Inc. v Kappos*, 923 F.Supp.2d 788, 795 (E.D. Va. 2013) (J. Brinkema) (rejecting supplementation of expert report in which expert opined, for the first time, on information that it "had two weeks to consider…and should have included in any rebuttal").

For these reasons, and as set forth in the Plaintiff's Memorandum in Support of His Motion to Exclude Testimony of Defendant's Damages Expert ("Opening Motion") (ECF No. 114)—which the DEA's Opposition fails to address—the DEA Expert Report prejudices Mr.

Gilmore, and the DEA has no justification for its delay.  Accordingly, the DEA's untimely expert

report should be stricken, and the testimony of its expert, Mr. Lesch, excluded.[1]

### III.   THE DEA'S EXPERT REPORT SHOULD BE EXCLUDED BECAUSE IT INCORPORATES AN UNRELIABLE METHODOLOGY.[2]

The DEA Expert Report also should be excluded because it employs an unreliable

methodology for calculating damages—the aggregate method—that has been rejected by courts

in discrimination cases, and specifically the Title VII context.[3]  The DEA's arguments to the

contrary fail.

As set forth in Mr. Gilmore's Opening Motion, courts have *uniformly* rejected the

aggregate method in favor of the periodic method to assess damages in discrimination cases such

as Mr. Gilmore's.  *See Schroer v. Billington*, CIV.A. 05-1090 (JR), 2009 WL 1543686 (D.D.C.

Apr. 28, 2009); *Godinet v. Mgmt. & Training Corp.*, 56 F. App'x 865, 871-72 (10th Cir. 2003);[4]

---

[1] The DEA takes issue with Mr. Gilmore's objections to Mr. Lesch's reliance on documents that were not produced by the DEA during the discovery period in this case, as well as Mr. Gilmore's request that the Court order Mr. Lesch's deposition in the event his testimony is not excluded, on the grounds that Mr. Gilmore did not ask the DEA to provide discovery concerning these documents and this expert after the DEA Expert Report was served on April 21, 2014.  However, at that point, discovery already had closed.  Nothing authorized the DEA to make these late disclosures nor Mr. Gilmore to take discovery concerning them.  *See Adams v. Kroger Ltd. P'ship I*, CIV.A. No. 3:11-CV-141, 2013 WL 6229379, at *3 (E.D. Va. Dec. 2, 2013).  Neither was Mr. Gilmore required to pursue discovery outside of the discovery period when his resources were already devoted to summary judgment briefing and trial preparation.

[2] The DEA suggests that any evidence concerning back pay should be submitted only after trial.  Opp'n at 5n.4.  The precise contours of what the DEA is proposing are unclear.  To the extent the DEA is suggesting that presentation of evidence relating to Mr. Gilmore's demand for back pay should be addressed in a separate proceeding that takes place any significant amount of time after the trial, Mr. Gilmore objects and opposes any further delay.  Mr. Gilmore notes that he is also seeking compensatory damages, which is an issue for the jury.

[3] The DEA argues that the question of back pay in a Tile VII case is for the Court, not the jury, and thus the Court should postpone submission on that question until after trial.  An unreliable expert report, however, must be excluded regardless of whether it is to be used by the Court or jury.  Without exception, district courts have an obligation to "ensure that any and all scientific testimony . . . is not only relevant, but reliable" because expert witnesses can be "both powerful and quite misleading."  *DNT, LLC v. Sprint Spectrum, LP*, 3:09CV21, 2010 U.S. Dist. LEXIS 12420, *8 (E.D. Va. Feb. 12, 2010) (*Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citations omitted); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993); *see also* Federal Rule of Evidence 702.

[4] After noting in *Godinet* that the enforcement provision of Title VII does not expressly state that the periodic method must be used, the Tenth Circuit went on to state that, "Calculating lost wages by the periodic mitigation method is well supported in case law."  *Id.* at 872.

*Wirtz v. Kan. Farm Bureau Servs., Inc.*, 274 F. Supp. 2d 1215, 1219-21 (D.Kan. 2003); *Hartman v. Duffey, 8 F. Supp. 2d* 1, 6 (D.D.C. 1998) (collecting cases).[5]

The cases the DEA relies on to purportedly refute this fact are inapposite: they stand for the unremarkable proposition that front and back pay should be reduced by the actual income and/or benefits earned by a plaintiff. *See* Opp'n at 7-8.[6] This is not a point in dispute, nor the basis on which Mr. Gilmore has moved to exclude Mr. Lesch's testimony. Both parties' experts offset the damages award owing to Mr. Gilmore by the actual compensation Mr. Gilmore received as Chief of Police of Calumet City and by the DEA pension payments he received when, if he had not been the victim of discrimination, he would have otherwise been employed as a member of the DEA's SES. Contrary to the well-established case law, however, Mr. Lesch's methodology seeks to compare the actual salary and benefits earned ***over the damages period as a whole***, to what Mr. Gilmore would have earned if he had been elevated to the SES. The basis for Mr. Gilmore's *Daubert* challenge of Mr. Lesch's testimony is this reliance on a legally flawed methodology. His testimony should therefore be excluded.

## IV.    CONCLUSION

For these reasons, and the reasons set forth in Mr. Gilmore's Opening Motion, Mr. Lesch's testimony should be excluded."

---

[5] *Hartman v. Duffey*, 8 F. Supp. 2d at 6 (citing *Darnell v. City of Jasper, Alabama*, 730 F.2d 653, 656-57 (11th Cir. 1984) (district court erred in using aggregate rather than quarter-by-quarter approach); *Berger v. Iron Workers*, 1994 U.S. Dist. LEXIS 5342, 1994 WL 151292, *8 (D.D.C. Apr. 14, 1994) (adopting year-by-year approach); *Green v. United States Steel Corp.*, 640 F. Supp. 1521, 1553 (E.D.Pa. 1986) (same), *aff'd in part*, *rev'd in part*, 843 F.2d 1511 (3rd Cir. 1988), *vacated on other grounds*, 490 U.S. 1103 (1989); *see also Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 693 (8th Cir. 1983) (ADEA case); *Dyer v. Hinky Dinky, Inc.*, 710 F.2d 1348, 1350-52 (8th Cir. 1983) (Vietnam Era Veterans Act case).").

[6] *Smith v. OPM* in fact affirms the periodic methodology for calculating damages. The Plaintiff's disability compensation exceeded his expected earnings. *Id.* at 263, The Court did not award Plaintiff front pay damages for those years. *Id.* The Court, however, did not penalize the Plaintiff for his disability compensation by aggregating his total damages and decreasing his back pay damages by the amount by which his disability compensation exceeded his anticipated earnings. *Id.* at 262. The Court only reduced his back pay benefits by compensation received before he indicated he would not be returning to work. *Id.*

Respectfully Submitted,


/s/ D. Bradford Hardin, Jr.
Don Bradford Hardin, Jr. (Va. Bar No. 76812)
Amy Kaplan (Va. Bar No. 80789)
Eric Mahr (*pro hac vice*)
Greg Butler (*pro hac vice*)
Nicole Lindquist *(pro hac vice)*
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363
Email:      Bradford.Hardin@WilmerHale.com

Dated: May 12, 2014                  *Counsel for Plaintiff Edward L. Gilmore*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2014, I caused to be filed a copy of the

foregoing PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO

EXCLUDE THE TESTIMONY OF DEFENDANT'S DAMAGES EXPERT with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing (NEF) to the following:


R. Joseph Sher
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3747
(703) 299-3983 (facsimile)
Joe.sher@usdoj.gov
*Counsel for the Defendant*

Ayana N. Free
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3785
(703) 299-3983 (facsimile)
Ayana.free@usdoj.gov
*Counsel for the Defendant*


/s/D. Bradford Hardin, Jr.
Don Bradford Hardin, Jr. (Va. Bar No. 76812)