IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDWARD L. GILMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:13-cv-789 |
| ERIC HOLDER, ) | (LMB/IDD) |
| in his official capacity as ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant's Reply in Support of His Motion to Continue the Trial Date

Introduction

Relying on inapposite cases, and ignoring the Court's emphasis on the importance of the trier of fact having the opportunity to evaluate Administrator Leonhart and former Administrator Tandy on the witness stand, the plaintiff seeks to severely restrict the presentation of the key witnesses for the defense. The plaintiff ignores this Court's discussion of the importance of the trier of fact hearing and seeing Administrator Leonhart testify in person as well as former Administrator Tandy. Moreover, he points to no hardship at all on his part from the DEA's request for a brief continuance of the trial date – he does not assert that he has any firm commitment that would prevent him from testifying in person before the trier of fact at any date to which the trial might be continued. As we will show, in the circumstances of this case, the Court should exercise its discretion to continue the trial date to a date at which the current and former Administrators can testify.

CASE NO. 1:13-CV-789                                                                                                         PAGE 1 OF 7

Discussion

1) At the hearing on May 16, 2014, the Court explained the basis for its denial of the defendant's motion for summary judgment. Transcript of May 16, 2014 Motions Hearing at pp. 17-20. The Court noted that the "big question in this case" is whether the final decision to select Ms. Roach for the position rather than Mr. Gilmore "was tainted or affected by his race." *Id.* at 19:9-12. The Court explained further that it could not resolve that question "because I haven't seen the witnesses testify, and that's why this case will have to go to trial." *Id.* 19:12-14. Plaintiff seeks to distract the Court from the importance the Court itself placed on seeing the witnesses testify at trial by downplaying the role of Administrator Leonhart. Opposition at 3-5. While no one disputes that the final decision to select Ms. Roach for the position of SES Deputy Chief Inspector for Security Programs was Ms. Tandy's, both Ms. Tandy and Ms. Leonhart made clear that Ms. Leonhart was Ms. Tandy's principal adviser on this selection, and, as the plaintiff emphasizes at p. 4 of his Opposition, it was Ms. Leonhart who conveyed to Ms. Tandy the views of both Mr. Gilmore's current supervisor, Chief Inspector Kasson, and his former supervisor, Mr. Guevara. Ms. Leonhart's testimony about what information she received from Mr. Gilmore's supervisors and conveyed to Ms. Tandy, as well as what Ms. Leonhart described to Ms. Tandy about her own experience of Mr. Gilmore's leadership problems as she worked with him to respond to criticism from senior officials at the Department of Justice about the timeliness of its security clearance decisions, are essential to the jury's ability to fairly and accurately decide the "big question" in this case.

Moreover, at the May 16 hearing, the Court pointed to the significance of the discussion of Mr. Gilmore's qualifications at the 2005 Career Board meeting at which he was selected for

the then-GS-15 position of Security Programs Deputy Chief Inspector, and in particular the negative effect that seeking another Headquarters position, rather than a position in the field supervising law enforcement operations, might have on Mr. Gilmore's prospects for selection to the SES, noting that expecting candidates for selection to DEA's SES should have an extensive amount of field experience was "not an irrational approach in a law enforcement agency." May 16 Tr., 19:19 – 20:7. It was Ms. Leonhart, as Deputy Administrator, and Chair of the Career Board, who was present and led the discussion at the 2005 Career Board meeting; Administrator Tandy was not present.

Accordingly, the Court should reject the plaintiff's effort to minimize the significance, indeed the centrality of, Administrator Leonhart's testimony.

2)   The cases on which the plaintiff relies do not support his position; indeed, they are inapposite. For example, in *Angelich v. MedTrust*, 13-2185, 2014 WL 1890573 (4th Cir. May 13, 2014) (*per curiam*) which the plaintiff cites on p. 6 of his Opposition, a panel of the Fourth Circuit held that this Court did not abuse its discretion in denying motion for a continuance. But the panel so held only after concluding that this Court correctly granted summary judgment to the defendant. In *Angelich*, neither this Court nor the Fourth Circuit addressed the question whether, after concluding that a jury should have the opportunity to hear in person the testimony of, *inter alia*, the decision-maker and her principal adviser, their unavailability for trial on a scheduled date constituted a basis for a continuance of a scheduled trial date. Importantly, while the *Angelich per curiam* decision sets forth the reasons for affirming this Court's summary judgment ruling, the panel did not discuss *at all* the reasons for denying the plaintiff's request for

a continuance, merely stating its conclusion that "the district court did not abuse its discretion in denying [plaintiff]'s motion for a continuance." *Id.* at *1.

Similarly, *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 151-153 (1st Cir. 1991), relied upon by the plaintiff at p. 6 of his Opposition, provides him no support. In *Amarin Plastics,* the First Circuit held that it was not an abuse of the district court's discretion to deny a continuance for two unavailable witnesses: a) a redundant employee that would testify to "uncontroverted matters" and b) another witness that was too ill to testify at trial and had travel limitations. The bases for the court's conclusion in *Amarin* are completely distinct from facts here. The First Circuit concurred with the district court because the redundant witness was "*not going to testify about the chief issues in the case*" and his testimony would have "*duplicated* other witness's testimony and would have covered uncontroverted matters." *Id.* at 151-52. (emphasis added). The First Circuit held that it was not an abuse of the district court's discretion to deny a continuance based on the ill health of the second witness because it appeared that the second witness, one Shapiro, would never recover his health sufficiently to bear the stress of testifying at trial. Significantly, the Court of Appeals noted that had Shapiro's health made travel to the trial site inadvisable "then perhaps the trial court might have granted a continuance until Shapiro's return." *Id*. at 152-53. Here, the DEA is requesting a continuance to allow former Administrator Tandy and Administrator Leonhart to testify at trial to hotly contested matters, and their testimony is both unique and irreplaceable.

Similarly, in *Farias v. Instructional Systems, Inc.*, 259 F.3d 91,100 (2d Cir. 2001), also cited by the plaintiff at p. 6 of his Opposition, the Second Circuit held that the district court's denial of a continuance caused no prejudice because, although helpful for corroboration, the

unavailable witness's testimony was cumulative and the relevant deposition testimony could be read into evidence. Here, as this Court emphasized at the May 16, 2014 hearing, it is critical to a just resolution of this case that the trier of fact have the opportunity to observe the testimony of both Ms. Tandy and Ms. Leonhart live, not merely to hear their words read.

Nor can plaintiff find any support in *Schneider National Carriers, Inc., v. Carr*, 903 F.2d 1154, 1158-1159 (7th Cir. 1990), also relied on in the plaintiff's Opposition at p. 6. In *Schnieder National Carriers*, the Seventh Circuit upheld the district court's decision not to continue the trial because a) the witness did not demonstrate that he could not have rescheduled the medical treatment he sought prior to the trial and b), given his documented memory loss subsequent to the accident, the witness could only testify as to the extent of damages. Here the plaintiff does not contend that either Ms. Leonhart or Ms. Tandy could have rescheduled the events which preclude their testifying at trial; nor does he suggest that either of them are unable to testify from their own personal knowledge regarding the issues in this case.

The authority the plaintiff cites simply does not support the plaintiff's effort to prevent the trier of fact from hearing in person the testimony of Administrator Leonhart and former Administrator Tandy. By contrast, the Fourth Circuit authority cited by the DEA in its opening memorandum, *Latham v. Crofters, Inc.*, 492 F.2d 913 (4th Cir. 1974), and *United States v. Sterling*, 724 F.3d 482, 511-512 (4th Cir. 2013) in which the Fourth Circuit found that district courts *did* abuse their discretion in failing to grant continuances under compelling circumstances such as this one, should guide this Court's decision.

Conclusion

For the foregoing reasons, and those set out in our opening Memorandum, the Court should continue the trial to a date at which the plaintiff and the current and former Administrators of the DEA can testify in person before the trier of fact.

Dated: May 22, 2014

                                       Respectfully submitted,
                                       DANA J. BOENTE
                                       UNITED STATES ATTORNEY

*By*:             /s/
                                       R. Joseph Sher
                                       Assistant United States Attorney
                                       Office of the United States Attorney
                                       Justin W. Williams Building
                                       2100 Jamieson Avenue
                                       Alexandria, Virginia 22314
                                       Telephone:   (703) 299-3747
                                       Fax:           (703) 299-3983
                                       Email: joe.sher@usdoj.gov
                                       *Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2014, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

Bradford Hardin (#76812)
WILMER CUTLER PICKERING HALE AND DORR LLP
1899 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
bradford.hardin@wilmerhale.com
*Counsel for the Plaintiff*

/s/

R. Joseph Sher
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3747
Fax: (703) 299-3983
Email: joe.sher@usdoj.gov
*Counsel for the Defendant*