# Exhibit A

```
 1                       UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF VIRGINIA
 2                            (Alexandria Division)

 3    --------------------------x
                                 :
 4    EDWARD L. GILMORE,         :
                                 :
 5           Plaintiff,          :
                                 :
 6    VS.                        :   Case No. 1:13-cv-0789
                                 :            (LO/IDD)
 7    ERIC HOLDER,               :
                                 :
 8           Defendant.          :
                                 :
 9    --------------------------x

10
                                          Alexandria, Virginia
11
                                          Thursday, May 29, 2014
12

13    Video Deposition of:

14                          KAREN TANDY,

15    the Witness, called for examination by counsel for

16    Defendant, pursuant to notice and agreement as to time and

17    place, at the Drug Enforcement Administration, 600 Army

18    Navy Drive, Arlington, Virginia, before Edward H.

19    Schweitzer, a Notary Reporter, where were present on behalf

20    of the respective parties:

21

22

23

24

25
```

```
 1  APPEARANCES:

 2      On Behalf of the Plaintiff:

 3          AMANDA MAJOR, ESQ.
            ERIC MAHR, ESQ.
 4          WilmerHale
            1875 Pennsylvania Avenue, N.W.
 5          Washington, D.C.
            (202) 663-6304
 6
        On Behalf of the Defendant:
 7
            R. JOSEPH SHER
 8          Assistant United States Attorney
            United States Attorney's Office
 9          2100 Jamieson Avenue
            Alexandria, Virginia 22314
10          (703) 299-3747

11      Also Present:

12          Michael Williams
            Videographer
13

14

15

16

17

18

19

20

21

22

23

24

25
```

I N D E X

| Witness | Examination | Page |
|---|---|---|
| Karen Tandy | Direct - Mr. Sher | 4 |
|  | Cross - Ms. Major | 27 |
|  | Redirect - Mr. Sher | 36 |

E X H I B I T S

| Government Exhibit No. | Description | Marked |
|---|---|---|
| 1 | Memo | 9 |
| 2 | SES Qualification Lists | 12 |
| 3 | Personnel Information | 16 |
| 4 | Qualification Lists | 17 |
| 5 | Series of Emails | 24 |
| 6 | Communication with Deputy | 27 |
| 8 | Cable | 27 |

- - -

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

1               P R O C E E D I N G S

2                                                        (2:02 p.m.)

3         VIDEOGRAPHER: Good afternoon. This is the video
4 deposition of Karen Tandy, taken by counsel for the
5 defendant in the matter of Edward Gilmore versus Eric
6 Holder. We're in the Eastern District of Virginia, and our
7 case number of 1:13-cv-789. It's being held in the offices
8 of the Drug Enforcement Agency, 600 Army Navy Drive,
9 Arlington, Virginia 22202, on this date, which is 5/29/14,
10 at the time indicated on the video screen.
11         My name is Mike Williams and I'm the video
12 specialist. The court reporter today is Ed Schweitzer from
13 the firm of Free State Reporting.
14         Counsel will now introduce themselves.
15         MR. SHER: Joseph Sher for the defendant.
16         MS. MAJOR: Amanda Major for the plaintiff.
17 Whereupon,
18                         KAREN TANDY
19 was called as a witness and, after first being duly sworn
20 by the notary reporter, was examined and testified as
21 follows:
22                     DIRECT EXAMINATION
23       BY MR. SHER:
24    Q.   Would you state your name for the record?
25    A.   Karen Tandy.

1  to qualified or minimally qualified list?

2     A.   I'm sorry, what --

3     Q.   Significance --

4     A.   Significance?

5     Q.   -- if any, in making a selection.

6     A.   Well, let me just start by saying I was required

7  by established court procedure to select from names on one

8  of these lists, one of these three lists.  There were many

9  great candidates in DEA, but if they didn't raise their

10 hand and volunteer and go through this process, it didn't

11 matter how great they were, I couldn't select them.

12           So when I looked at a vacancy, an SES vacancy,

13 and was going to fill that -- and by the way, I only filled

14 SES vacancies, that very small number.  That's the only

15 thing I selected.  Everything else was done at all other

16 levels with a career board that I was not part of.

17           So going back to this SES selection and how I

18 looked at these lists, when it was time for me to make a

19 selection, I looked at the vacancy and what the needs were

20 for that particular vacancy.  And while I was filling that

21 vacancy, that specific vacancy, it wasn't just about that

22 vacancy, it was also about the long-range leadership of

23 this agency.  Because whoever I selected off this list was

24 now going to be part of that 60 or so less, than 1 percent

25 of the executives leading the agency.

```
 1        A.    I can't say that I really focused on what name
 2   was on what list, but I certainly -- you know, in looking
 3   at the list, he was clearly on the best qualified list.
 4        Q.    And at the time you made your selection for the
 5   DCI position, you knew Barbara Roach was on the qualified
 6   list of candidates for SES promotion, correct?
 7        A.    So that would be the same answer.  I really
 8   didn't focus on which list a name was on.  But in looking
 9   back at the list, yes, she was on the qualified list.
10        Q.    And the qualified list is a step below the best
11   qualified list, correct?
12        A.    I don't view it that way.
13        Q.    But the name of the list is qualified as opposed
14   to best qualified, correct?
15        A.    The name of the list is what it is.  And so I
16   don't necessarily think that a sterile panel review of a
17   written applicant submission without regard to a vacancy
18   really means that that person is best qualified for every
19   vacancy that is in the SES.  I understand there has to be a
20   system and there has to be a review, and that that was done
21   by that panel, and that they did put those two lists
22   together, and that the court did say that I could select
23   from either list.
24              So for me, those lists were the defined pool that
25   I had to select from.  I viewed them in toto, as one
```

1   combined list of qualified candidates, and not

2   necessarily that because you got a sterile, artificial

3   designation as best qualified based on your paper without

4   regard to a vacancy, that that really meant anything to me

5   in terms of a specific vacancy.

6         Q.   But you understood a panel had reviewed the

7   application materials of the candidates listed on the

8   qualified and best qualified lists and assigned them to one

9   category or the other, correct?

10        A.   I am certainly aware that a panel reviewed papers

11  that a candidate submitted and that they gave them, based

12  on that, a placement on a list.  If you look at the list --

13  and by the way, again, I think it's clear from my

14  testimony, but again, the panel, when they were deciding on

15  the lists and who was best qualified and qualified, did

16  that without regard to any SES vacancy whatsoever, and so

17  there was no matching of needs.

18             But beyond that, if you looked at the lists,

19  there is one person who was on the qualified list at one

20  point and somehow the panel put that person on the

21  minimally qualified list at another point.  So the fact

22  that there were these lists I respected, because that was

23  the court process, but I did view those lists for what they

24  are, which is a panel review of written submissions without

25  regard to the whole SES need.

```
1        A.    Thank you.
2              MR. SHER:  Off the record.
3              (Signature waived)
4              (Whereupon, the deposition was concluded at
5   3:08 p.m. on Thursday, May 29, 2014.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                   CERTIFICATE OF NOTARY REPORTER

2           I, EDWARD H. SCHWEITZER, hereby certify, as the

3    Notary Reporter, that the witness, KAREN TANDY, whose

4    testimony appears in the foregoing deposition, was duly

5    sworn by me, that the testimony of said witness was duly

6    recorded and accurately transcribed by me or under my

7    direction; further, that said proceedings are a true and

8    accurate record of the testimony given by said witness; and

9    that I am neither counsel for, related to, nor employed by

10   any of the parties to the action in which this deposition

11   was taken; and further, that I am not a relative or

12   employee of any of the parties or counsel employed by the

13   parties and I am not financially or otherwise interested in

14   the outcome of the action.

15       The witness waived reading and signing the foregoing

16   deposition transcript.

17

18

19
                                    _____
20                                  Edward H. Schweitzer
                                    Notary Public in and for the
21                                  Commonwealth of Virginia

22   My Commission expires:

23   June 30, 2015

24

25

                          FREE STATE REPORTING, INC.
                         Court Reporting  Transcription
                            D.C. Area 301-261-1902
                          Balt. & Annap. 410-974-0947