IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDWARD L. GILMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:13-cv-789 |
| ERIC HOLDER, ) | (LMB/IDD) |
| in his official capacity as ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE CERTAIN HEARSAY EVIDENCE**

Defendant Eric Holder, through his undersigned counsel, hereby respectfully submits his opposition to Plaintiff's untimely[1] motion *in limine* to preclude certain alleged hearsay ("Plaintiff's Mot."). Plaintiff objects to the possible use of (1) statements made by Rogelio Guevara and James Kasson to then-Deputy Administrator Michele Leonhart ("DA Leonhart")[2] that they would not recommend Plaintiff for the SES position, (2) notes taken by DA Leonhart during these discussions, and (3) testimony regarding the August 2005 career board meeting or its transcript. However, as explained further below, the evidence Plaintiff seeks to exclude is not

---

[1] This Court's May 16, 2014 Order noted that motions *in limine* must be noticed for hearing in this matter for either Monday, June 9, 2014 or Tuesday, June 10, 2014. Dkt. No. 134. Under the timelines set forth in the 16(b) scheduling order (Dkt. No. 39), motions *in limine* were thus due Friday, May 30, 2014 by 5:00 p.m. As Plaintiff filed his motion on Tuesday, June 3, 2014, his motion is untimely. *Id.*

[2] Michele Leonhart is the current Administrator of the DEA. As the events at issue in this brief took place while she was the Deputy Administrator, for clarity, she will be referred to DA Leonhart. Now-retired Karen Tandy was the Administrator at the time of the events at issue in this brief, and for clarity, she will be referred to as Administrator Tandy.

1

hearsay as defined in the Federal Rules of Evidence. Moreover, even if it were hearsay, the same evidence satisfies one or more hearsay exceptions and is admissible at trial on that basis as well.

## ARGUMENT

**I.     Applicable Law**

    A.     Hearsay: Fed. R. Evid. 801

Hearsay is defined as an out-of-court statement made by a declarant that is offered to prove the truth of the matter asserted. FED. R. EVID. 801(c). A statement is defined as a person's oral or written assertion. *Id.* at 801(a). "In order to determine whether an out-of-court statement qualifies as inadmissible hearsay under Rule 801, the district court must identify the actual purpose for which a party is introducing the statement at issue. A statement is not hearsay if it is offered for some purpose other than to prove the truth of the assertion contained within the statement." *United States v. Edelen*, No. 12-4239, 2014 U.S. App. LEXIS 4715 at *20 (4th Cir. March 13, 2014); *see also United States v. Guerrero-Damian*, 241 Fed. App'x 171, 173 (4th Cir. 2007) ("A statement is not hearsay if it is offered to prove knowledge, or show the effect on the listener or listeners' state of mind.") (unpublished per curiam decision).

    B.     Hearsay Exceptions: FED. R. EVID. 803

Twenty-three enumerated exceptions exist to Rule of Evidence 801(c). Several exceptions are relevant to Plaintiff's motion *in limine*.

        *1.     Present Sense Impression*

Rule of Evidence 803(1) notes that "a statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is excepted from the hearsay rule. FED. R. EVID. 803(1). For example, a writing made contemporaneously with a conversation between two individuals would fall within this present sense impression exception. "[T]he underlying theory of [803(1)] is that substantial contemporaneity of event and statement

2

negate the likelihood of deliberate or conscious misrepresentation." FED. R. EVID. 803, Advisory Committee Notes, 1972 Proposed Rules.

        2.      *Records of a Regularly Conducted Activity*

Under Rule of Evidence 803(6), a record of a regularly conducted activity is not hearsay if the following five conditions are met: (A) the record was made near the time from information transmitted by someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business; (C) making the record was a regular part of that activity; (D) these conditions can be testified to by the custodian of the record; and (E) neither the source of the information nor the circumstances of the record's preparation are untrustworthy. FED. R. EVID. 803(6).

    C.    *Residual Exception*: Fed. R. Evid. 807

Under Rule of Evidence 807, a hearsay statement may be admissible even if not covered by the hearsay exceptions of Rules 803 and 804 if:

> **(1)** the statement has equivalent circumstantial guarantees of trustworthiness;
>
> **(2)** it is offered as evidence of a material fact;
>
> **(3)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> **(4)** admitting it will best serve the purposes of these rules and the interests of justice

Fed. R. Evid. 807; *see also Applied Med. Resources Corp. v. Steuer*, 527 F. Supp. 2d 489, 492 (4th Cir. 2007) ("In determining whether a hearsay statement has sufficient trappings of trustworthiness, Fed. R. Evid. 807 provides three vital prerequisites. First, the statement must be

offered as evidence of a material fact. Second, the statement must be more probative of the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. Lastly, the general purposes of the hearsay exceptions and the interests of justice must be best served by admission of the statement into evidence."). Statements admitted under the residual exception must "carry 'circumstantial guarantees of trustworthiness.'" *Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*, 871 F. Supp. 2d 498, 505 (E.D. Va. 2012).

II. **Statements Made To DA Leonhart By Guevara And Kasson Are Not Hearsay**

Plaintiff requests that this Court preclude Defendant from using statements made by Guevara and Kasson to DA Leonhart during her fact-finding inquiry into applicants for SES positions. Plaintiff's Mot., Dkt. 156, at pp. 1-3. Plaintiff objects that any such testimony is hearsay and unduly prejudicial to Plaintiff. *Id.* However, Plaintiff is incorrect, as these statements are neither hearsay nor unduly prejudicial.

DA Leonhart discussed with both retiring Chief Inspector Guevara and incoming Chief Inspector Kasson their views about the readiness of their subordinates to be selected to the SES. She reported those statements to Administrator Tandy when they were discussing the selection of, among other positions, who to appoint as SES Deputy Chief Inspector for Security Programs ("DCI, OPS"). First, Defendant could use these statements to establish the information which was given to DA Leonhart, whether or not that information was accurate. *See Anderson v. United States*, 417 U.S. 211, 219 (1974) ("Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted."); *United States v. Leake*, 642 F.2d 715, 720-21 (4th Cir. 1981) (holding testimony not hearsay because the statement was offered to demonstrate the effect on the listener); *Bland v. Fairfax Cty.*, No. 1:10cv1030, 2011 U.S. Dist. LEXIS 66911, at *14 (E.D. Va. June 20, 2011) (Cacheris, J.) ("A statement is also not hearsay if

4

it is offered to prove knowledge or show the effect on the listener or listeners' state of mind."); *Graves v. Indus. Power Generating Corp.*, No. 3:09-CV-717, 2011 U.S. Dist. LEXIS 72960, at \*\*13-14 n.13 (E.D. Va. Jan. 5, 2011) *aff'd,* 438 Fed. App'x 174 (4th Cir. 2011) (unpublished per curiam decision) ("The Court finds that [the] statements are admissible for nonhearsay purposes, primarily its effect on the listener.").

Testimony regarding these statements can be utilized to demonstrate the information given to Administrator Tandy as she was making the selection at issue in this case. The statements are admissible for purposes of showing the information received by Administrator Tandy during her SES selection decisions. For this purpose, the statements are not hearsay under Rule of Evidence 801(c).

Second, these statements could be used to show DA Leonhart's belief regarding their truth, which is also not hearsay. *See e.g.*, *Arrington v. E.R. Williams, Inc.*, 490 Fed. App'x 540, 543 (4th Cir. 2012) (unpub.) ("Where, as here, 'third party statements concerning the plaintiff's performance are offered not for the truth of the matters asserted therein, but as an explanation of why [the employer] believed that terminating the plaintiff's employment . . . was necessary and appropriate,' evidentiary rules governing the consideration of hearsay are not implicated.") (*citing Royall v. Nat'l Ass'n of Letter Carriers*, 507 F. Supp. 2d 93, 98 n.10 (D.D.C. 2007). Plaintiff argues that as Guevara and Kasson are available to testify, they can testify regarding these statements made to DA Leonhart. Plaintiff's Mot. at p.4. Yet neither Guevara nor Kasson could testify regarding what DA Leonhart told Administrator Tandy in their discussions about whom to select for the positions under consideration. As now-former Administrator Tandy testified in her *de bene esse* testimony:

> I would have Michele Leonhart talk to at least one of the prior supervisors of the people on that list, and I would have her talk to others who knew the performance,

5

the real hands-on performance of those people as leaders in their current capacity wherever they are.  And she did that in this instance, just as we did in all of those appointments.

Tr. 21:6-21:12; 25:8-25:20.

This testimony, used to demonstrate the information available to the former Administrator, is not hearsay under Rule 801(c) as it is used to prove the information the Administrator received.  *Arrington,* 490 Fed. App'x at 543.

Third, Plaintiff's one-sentence argument that DA Leonhart's testimony on these statements "risks giving their comments undue weight and therefore would be prejudicial" is without merit.  Plaintiff's Mot. at p.4.  Presumably, Plaintiff contends undue prejudice under Rule of Evidence 403.  Yet these statements relate directly to Defendant's legitimate, non-discriminatory reasons for not selecting Plaintiff to the SES.  Simply because these statements were made to DA Leonhart does not preclude their use as unduly prejudicial as contemplated by Rule 403.  FED. R. EVID. 403, Advisory Committee notes, 1972 Proposed Rules ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.")

As these statements are not hearsay under Rule of Evidence 801(c), they are admissible for the purposes listed above.

**III.     Even If The Statements Made By Guevara And Kasson To DA Leonhart Were Hearsay, They Are Admissible Under Rule Of Evidence 807**

Statements made to DA Leonhart are also admissible under the residual hearsay exception.  Fed. R. Evid. 807.  These statements have strong indicia of reliability and trustworthiness, as they are contemporaneous notes of individual conversations kept in the ordinary and regular course of DA Leonhart's practice—admissible under either the business records or residual hearsay exceptions.  *See Christopher Phelps & Associates, LLC v. Galloway*,

492 F.3d 532, 541 (4th Cir. 2007) (finding that receipts and ledger offered to prove expenses incurred in constructing a house could appropriately have been admitted under the business records exception of Rule 803(6) or residual hearsay exception of Rule 807).

In addition, these statements meet the three "vital prerequisites" set forth in *Steuer.* 527 F. Supp. 2d at 492. First, the statement will be offered as evidence of a material fact. *Id.* The fact that Administrator Tandy had before her negative information regarding Plaintiff is material to this case, as it demonstrates her legitimate, non-discriminatory reasons for not selecting Plaintiff. "Second, the statement must be more probative of the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." *Id.* Whether and how this information was collected by DA Leonhart can be demonstrated only by DA Leonhart, as she was the one that collected the information. The fact that Guevara and Kasson may testify is irrelevant on this point, as DA Leonhart was the one that took the information and passed it to Administrator Tandy—the decision maker. Third, "the general purposes of the hearsay exceptions and the interests of justice" would be best served by admission of this evidence, as it goes directly to a legitimate, non-discriminatory reason for Plaintiff's non-promotion.

Further, plaintiff will have the opportunity to cross examine Leonhart, Kasson and Guevara about the statements. Whether either of plaintiff's first-line supervisors recommended him for the SES DCI promotion is a material fact. Further, these notes are more probative than any other evidence for the point. Finally, admission of this material would service the purposes of the rules and the interests of justice.

**III.      The Administrator's Notes Are Admissible As Hearsay Exceptions**

Plaintiff next opposes the use of DA Leonhart's notes regarding her conversations with Guevara and Kasson. These notes fall into two categories of hearsay exceptions, present sense impressions and records of regularly conducted activities, and are admissible. FED. R. EVID. 803(1), 803(6).

Statements made as present sense impressions are admissible as exceptions to hearsay under Rule of Evidence 803(1). FED. R. EVID. 803(1); *United States v. Ibisevic*, 675 F.3d 342, 349 (4th Cir. 2012). These notes were taken during, or immediately after, the conversations between DA Leonhart, and Guevara and Kasson, and reflect DA Leonhart's impression of those conversations. As notes of these conversations represent DA Leonhart's then-present sense impression, those notes are excepted from the rule against hearsay. FED. R. EVID. 803(1); *see Ibisevic*, 675 F.3d at 349; *United States v. Jackson*, 124 F.3d 607, 618 (4th Cir. 1997); *see also United States v. Ibanez*, 328 Fed. Appx. 673, 675 (2d. Cir. 2009) ("For statements to qualify as present sense impressions, precise contemporaneity is not required.").

In addition, these notes may demonstrate a record of regularly conducted activity by the Administrator. FED. R. EVID. 803(6). The notes were taken by DA Leonhart, at or near the time of the conversations that the Administrator had with Guevara and Kasson, and reflected information transmitted to the Administrator from Guevara and Kasson. DA Leonhart regularly took and kept such notes when discussing recommendations for SES positions with an applicant's supervisors. Leonhart Dep. at 31:10-31:18. DA Leonhart can testify regarding these notes, as their author and custodian, and neither the source nor the preparation of the notes indicate a lack of trustworthiness. As the notes meet each of the conditions of Rule of Evidence 803(6), they are exceptions to the hearsay rule as records of a regularly conducted activity.[3]

---

[3] These notes may also fall under other hearsay exceptions that might not be apparent until trial. *See e.g.*, FED. R. EVID. 803(5) (recorded recollection hearsay exception).

IV.   **The August 2005 Career Board Transcript And Tape Are Not Hearsay, Nor Are Conversations Regarding The August 2005 Career Board Meeting**

Finally, Plaintiff objects to the use of—or reference to—the August 2005 DEA Career Board meeting, transcript, and presumably the audiofile recording of the meeting. Plaintiff's Mot. at pp. 4-5. Neither testimony on the meeting, nor the transcript or tape themselves, constitute hearsay.

DA Leonhart was present at the August 2005 Career Board meeting and subsequently listened to the transcript of the meeting. DEX 12. For the same reasons as discussed above in Section II, DA Leonhart's testimony on her recollection of this meeting is not hearsay because it is used to prove the basis for the decision to appoint Plaintiff to DCI OSP in the first place. The testimony also sets forth the considerations before the Career Board at that time, including their concern for the effect of the appointment on Plaintiff's future career, and to rebut any argument that supervisory enforcement experience is a pretext for race discrimination.

Moreover, even if the statements were hearsay, recording Career Board meetings was a regular part of DEA's promotion process. Accordingly, Rules 803(6) and (8) of the Federal Rules of Evidence apply and the transcript can be admitted as an exception to the hearsay rule.

This Court acknowledged the importance of the transcript for both parties at oral argument on May 16, 2014: "I think particularly interesting in terms of an exhibit in this case is the exhibit of the Career Board minutes back in 2005 . . . you hear people talking about Mr. Gilmore and Guevara is adamant in that discussion  . . .," Transcr. at 17:20-18:5; "I will also say that there's clearly again from that same Career Board set of minutes some very interesting comments by the deputy administrator, Ms. Leonhart, because she's talking about the problem that Mr. Gilmore has in wanting to even get that position because it's another headquarters position . . . there were concerns about is this the smartest career move for this man . . . ." *Id.* at

9

19:19-20:7. As this Court noted, evidence regarding the August 2005 Career Board meeting is valuable for both parties and should be admissible.

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests this Court deny Plaintiff's Motion *in Limine* to Exclude Certain Evidence.

Dated: June 6, 2014

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

*By*: _____/s/_____
R. JOSEPH SHER
AYANA N. FREE
Assistant United States Attorneys
ERIN K. MURDOCK-PARK
Special Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3911
Fax: (703) 299-3983
Email: erin.murdock-park@usdoj.gov
*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2014, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

Bradford Hardin (#76812)
WILMER CUTLER PICKERING HALE AND DORR LLP
1899 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
bradford.hardin@wilmerhale.com
*Counsel for the Plaintiff*

/s/
_____
Erin K. Murdock-Park
Special Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3911
Fax: (703) 299-3983
Email: erin.murdock-park@usdoj.gov
*Counsel for the Defendant*